E-FILED
Friday, 18 November, 2022  08:51:50 AM
Clerk, U.S. District Court, ILCD

# Exhibit B

 **ILLINOIS**

**STUDENT AFFAIRS**

Office of the Dean of Students
300 Turner Student Services Building, MC-306
610 E. John St.
Champaign, IL 61820

June 20, 2022

Keith Singh
Sent electronically to keeruts2@illinois.edu

Dear Keith,

My name is Katherine Snyder and I am the Associate Dean of Students in the Office of the Dean of Students.

My office has received reports regarding conflicts between you and faculty/staff in the College of Law, including concerns you have raised about coursework and grades.  I would like to meet to discuss these concerns, how you are doing, and if I may be able to assist you in some way. Another staff member will likely join us for this conversation.

It is my understanding that you may be working this summer. In order to best accommodate your schedule, I ask that you email me with some days and times that work for you for a meeting. Our meeting should occur before June 29, 2022. Alternatively, you may also call my office at (217) 333-0050 to schedule.

This meeting is a necessary and required step in the process when we are made aware of situations such as this one.

I look forward to hearing from you.

Sincerely,

Katherine C. Snyder

Katherine Snyder
Associate Dean of Students

**1**

ILLINOIS

**STUDENT AFFAIRS**
Student Assistance Center
300 Turner Student Services Building, MC-306
610 E. John St.
Champaign, IL 61820

July 8, 2022

Keith Singh
Sent electronically to keeruts2@illinois.edu

**PERSONAL AND CONFIDENTIAL**

Dear Keith,

I received your email response. I wish to make clear that I am writing in my capacity as Associate Dean of Students and a member of the Behavioral Intervention Team.

This meeting is not disciplinary in nature, however, as I indicated in my first message to you, it is mandatory. If you fail to meet with me before Wednesday, July 13, I will refer the situation to the College of Law for potential disciplinary action for failure to comply with a reasonable directive from the Behavioral Intervention Team.

Please call my office at (217) 333-0050 to schedule an appointment with me.

Sincerely,

Katherine C. Snyder

Katherine Snyder
Associate Dean of Students

UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN
217.333.0050 • go.illinois.edu/sac

July 8, 2022

Katherine Snyder
Office of the Dean of Students
300 Turner Student Services Building
610 East John Street
Champaign, Illinois 61820

Re: Meeting Demand

Dear Ms. Snyder,

My name is Keith Singh, and I have now received two bizarre letters from you demanding a meeting. I told you that I would not respond to any further correspondence, but it appears that the school is looking for a legal dispute. So, I want to make my position crystal clear for the record and any future litigation.

First, you have received false and defamatory information about me (likely from the College of Law), which resulted in your correspondence. Second, you have not provided me notice of the fraudulent claims or allowed me to have legal counsel present. For example, you have not provided evidence of these claims, and you have not shared the nature of the claims or who made them. I have the right to review my student file under the Family Educational Rights and Privacy Act (FERPA). Third, you lack the authority to demand a meeting based on false information under the Student Code. Fourth, I am a student at the College of Law and not the University generally, so it is unclear why you are contacting me. The College of Law has its own Dean of Students. And fifth, your demands are not reasonable for many reasons, including the fact that the College of Law is not in session for the summer. I am not available at the date/time you have listed, and I am not taking classes at the University this summer. I will not be meeting with you until I receive the above information. If the University of Illinois attempts to discipline me, I will take legal action against the school. I will address each point in turn.

First, your office has received false and defamatory claims about me that lack any factual basis. I can say without knowing the details that I vigorously deny all the information or claims your office has received. Therefore, unless you have evidence that the claims are real, you have no basis to demand a meeting. I met with the College of Law multiple times in the last few months and expressed concerns about illegal activity by College of Law officials and my grades. The College of Law is aware that I may pursue legal action, so it is now retaliating against me by providing your office with fraudulent claims. I am not going to entertain such falsehoods and fantasies. I referenced defamation in my first response for a reason. You are now a witness.

Second, you have not provided any evidence of these claims or allowed me to have legal counsel present. Although you claim that the meeting is not disciplinary, you are threatening me with discipline if I do not comply with your unreasonable demands. Thus, I will not meet with you until I receive notice of the allegations and who made them. You also need to tell me what we will discuss, and you need to allow me to have legal counsel present. However, I will not look into getting legal counsel until you provide me information about the nature of the meeting and allegations. It is unclear what the purpose of this meeting is or what your role is in this process. You have not provided me with any information. Instead, you vaguely referenced your job title and some "reports" your office received. You then proceeded to claim (without evidence) that a meeting was mandatory. You did not reference any provision of the Student Code that allows you to demand such a meeting. You need to provide me with the information above. At that point, I will decide whether to bring in legal counsel. Otherwise, there will be no meeting. I have the right to review my student file under FERPA.

Third, I am not aware of any provision of the Student Code that allows you to demand a meeting based on fraudulent information. You need to cite the provision of the Student Code, or there will be no meeting. Until you provide me with the provision of the Student Code, I consider your demands to be unreasonable and nothing more than requests. Once you cite the provision (if one exists), I will review it and determine whether to bring in legal counsel. Again, you are demanding a meeting based on false information. I deny the allegations in whatever reports you received, and I decline to meet with you per your request. It would be quite something for the University of Illinois to attempt to discipline me without first providing evidence that it had the authority to demand a meeting.

Fourth, I am a student at the College of Law—not the University generally. I am not an undergraduate or graduate student. It is unclear where you get the authority or jurisdiction to force me into a meeting. The College of Law has its own administration and Dean of Students. Again, it is unclear what your role is here or what you are attempting to do. In your first letter, you claimed that you wanted to meet to "discuss" my concerns and whether you could "assist [me] in some way." That sounds like an offer. But in the same letter, you claimed that another member of the staff would join and that the meeting was "a necessary and required step in the process[.]" What process are you talking about? You have also called yourself a member of the "Behavioral Intervention Team." It sounds like you are about to take some unlawful action based on fraudulent information about my mental health. Consequently, I refuse to meet until you provide me with a detailed summary of the claims and purpose of the meeting. The College of Law has already violated my rights. If you continue to do so here, this will quickly proceed to litigation and a legal dispute. So make up your mind as to how you want to proceed. I am entitled to due process of law.

Fifth, not only are your demands unreasonable for all of the reasons mentioned above, but they are also unreasonable because you are attempting to force me to have a meeting with you during the summer. I am currently in a legal internship working significant hours during the vast majority of the week. I will not be available for a meeting until classes resume in middle or late August when I am back in Champaign. I am not currently in Champaign. In any case, no meeting can happen until I view the evidence/claims and consider getting legal counsel. Your demands are not reasonable requests in your capacity as the Associate Dean of Students—they are unreasonable and unlawful.

In summary, there will be no meeting unless you provide me notice in the form of evidence and allow me to review the evidence. At that point, I will decide whether to obtain legal counsel. If it is the University's position that it has the authority to force me into a meeting based on fraudulent information, you need to cite the relevant provision. At that point, I will once again decide whether to obtain legal counsel. It is my position that the University lacks the authority to force me into a non-disciplinary hearing based on false information. As such, I deny your request to meet.

If the University of Illinois attempts to discipline me, I will take legal action against the school and relevant officials. I will provide the College of Law with a copy of this letter, as they are complicit in this unlawful activity.

Sincerely,

Keith Singh

CC: College of Law

4

**FERPA Request**

Singh, Keith <keeruts2@illinois.edu>
Fri 7/8/2022 4:08 PM
To: Winship, Verity <vwinship@illinois.edu>
Cc: Vermillion, Virginia <deanv@illinois.edu>
Dear University of Illinois College of Law,

I am hereby making this request under the Family Educational Rights and Privacy Act (FERPA). I want access to my entire student file, including records that may have been placed there during any meetings I have had with University officials, including the Dean of Students. I have reason to believe that University officials have fraudulently and unlawfully placed false information in my student file and shared that information with outside entities (unlawfully). I did not consent to any notetaking during any meetings I may have had with College of Law officials.

Once I review the file, I will let the College of Law know whether I am seeking any changes to my file. I have the right under FERPA to amend or seek changes to the file.

Keith Singh

July 11, 2022

Verity Winship
Associate Dean for Academic Affairs
University of Illinois College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820

Re: Discrimination Complaint

Dear Dean Winship,

My name is Keith Singh, and I will be entering my second year at the College of Law this fall. Pursuant to College of Law policy and the University of Illinois Student Code, I hereby file this complaint against Virginia Vermillion, the Dean of Students at the College of Law, Shannon Moritz, instructor, Lesley Wexler, instructor, and the rest of the College of Law in its entirety. Vermillion, Moritz, Wexler, and the College of Law have violated the Student Code and American Bar Association (ABA) standards for law schools by discriminating against me unlawfully and in violation of my rights. I will highlight the discrimination below.

From the beginning of my time at the University of Illinois, the College of Law has treated me differently than other students and subjected me to various forms of discrimination. The school has spread my personal information unlawfully to faculty, staff, and other students. The school has also spread false and defamatory information about me regarding my mental state or social life to faculty, staff, students, and outside entities. The school has also spread other false and defamatory information about me to faculty, staff, students, and outside entities.[1] Although numerous people at the College of Law are involved in this unlawful scheme, Vermillion has been particularly aggressive from the beginning. She has repeatedly abused me verbally and demeaned me in various settings. She has been involved in a significant number of discriminatory activities, and she has orchestrated a significant part of the unlawful scheme. The discrimination appears to be at least partly (if not completely) based on my race. I had two writing classes with Moritz and one torts class with Wexler. Both engaged in discriminatory and bizarre behavior in their classes and took it out on me in their grading of my work.

Following fall semester last year, my grades had been impacted by the discrimination because instructors received personal information about me (unlawfully) and used it against me. For example, the instructors knew my final exam number, which violated my right to a blind and fair grading process per the College of Law Handbook. I sent Vermillion an e-mail stating that I was going to file a capricious complaint against Moritz. Moritz had been particularly clear about her dislike for me.

Meanwhile, my torts class with Wexler began in spring. Wexler repeatedly acted inappropriately toward me in class and made blatant references to personal information about me that she had heard/seen through the unlawful scheme. I also met with you and Vermillion in your office in February 2022. During that meeting, you and Vermillion falsely attempted to accuse me of being unprofessional. I denied your allegations and highlighted the College of Law's discrimination against me. I told you that I would file a capricious complaint against my instructors if they continued to grade me down in violation of the Student Code.

---

[1] This paragraph does not highlight the full extent of the illegal activity by the College of Law or its officials against me. It is only one small piece of the discrimination and unlawful activity.

Following that meeting, Vermillion continued her deliberate and unlawful scheme by continuing to spread false and defamatory information about me to faculty and students. The goal appeared to be to separate me from the student body by preventing me from building personal and social connections with other students in violation of my First Amendment rights and the Student Code. Many students at the College of Law were involved in this unlawful scheme as well. Wexler's behavior got more and more inappropriate and bizarre as the semester went on. Everything got so ridiculous that I called another meeting and invited the Dean of the College of Law, Vikram Amar, to attend. At that meeting, I once again highlighted the discrimination and made it clear to Amar and Vermillion that I would consider taking legal action if the discrimination continued. However, Amar and Vermillion appeared undeterred. The unlawful activity continued until the end of spring semester when, once again, my grades were negatively impacted by the discrimination. I plan to file capricious complaints against one or more of my instructors (likely Moritz and Wexler for sure). I sent you an e-mail about a month ago (June 2022), where I informed you of my intent to file one or more capricious complaints in compliance with the Student Code.

The discrimination approached absurdity a few weeks ago. On June 20, 2022, I received a letter from Katherine Snyder, the Associate Dean of Students. Snyder is the Associate Dean of Students for the University generally—not the law school. In other words, she is not connected to the College of Law in any way. In the letter, Snyder claimed that her office had received "reports" about me and that she wanted to "discuss" my concerns and whether she could "assist" me in some way. Snyder also claimed that a "staff member" would join the conversation and that the meeting was "a necessary and required step in the process[.]" Snyder did not say anything about the nature of the reports or what "process" she was talking about. However, further research revealed that Snyder is a member of what the University calls the "Behavioral Intervention Team." Snyder sent a second letter where she made unreasonable demands and threatened to discipline me if I did not comply. I told Snyder that I would not meet with her because her demands were unlawful and in violation of the Student Code and my rights. I also told her that I would take legal action if the University attempted to discipline me unlawfully.

Snyder did not reveal who sent the reports, but it appears that someone (or multiple people) inside the College of Law sent fraudulent, false, and defamatory information about me to Snyder. The information likely came from Vermillion, Moritz, Wexler, or a combination of all three in retaliation because I am going to file capricious complaints about the grading.[2] Snyder's correspondence presents only a small portion of the defamatory and unlawful action the College of Law has taken against me since my arrival last August.

Article I Part I of the Student Code spells out the rights that students have at the school. § 1-108 provides the nondiscrimination policy. The school claims that it is committed to the "most fundamental principles of academic freedom, equality of opportunity, and human dignity[.]" § 1-108(a). The Student Code also provides that "decisions involving students and employees be based on individual merit and be free from invidious discrimination in all its forms." *Id.* Similarly, Section 205 of the ABA standards for law schools provides that "[a] law school shall foster and maintain equality of opportunity for students, faculty, and staff, without discrimination or segregation[.]" The Student Code also provides the rights that students have to freedom of association, inquiry, and expression. *See* § 1-106.

---

[2] Although it is not yet clear who filed the fraudulent reports, it does not matter. Even if someone else filed the fake reports, Vermillion, Moritz, and Wexler need to be held responsible for their discrimination against me over the past year. As I said at the beginning, there are numerous people at the College of Law involved with this unlawful scheme. So it would not be surprising to see that others filed the defamatory reports (if that happened). The most likely culprits are still Vermillion, Moritz, and Wexler.

The facts above highlight that the College of Law has deliberately interfered with and tried to harm my legal education. The school has discriminated against me, attempted to segregate me from the other students, and attacked my human dignity. I have not had an equal opportunity to legal education at the College of Law because the school has deliberately and unlawfully interfered with my education and treated me differently than other students. Vermillion has been clear that her goal is to stop me from becoming a lawyer. By spreading false, fraudulent, and defamatory information to Snyder, the College of Law has retaliated against me because I said I would file capricious complaints against certain instructors. Vermillion, Moritz, and Wexler are racist, and they have discriminated against me based partly (if not completely) on my race. Moritz and Wexler treated me differently than other students in their classes, and they graded me down capriciously for reasons having nothing to do with the work product.[3] Vermillion took notes during the meetings I had with her and others during the year, and she may have placed false information in my student file. I have filed a request under the Family Educational Rights and Privacy Act (FERPA) to gain access to my student file. The College of Law has deliberately sought to deny me a normal law school process, and they have tried to prevent me from building connections and moving forward.

The College of Law has broken the law in numerous ways and involved numerous entities in its unlawful scheme. In doing so, the College of Law has shredded the University Student Code, its own College of Law Handbook, and the ABA requirements for law schools. The Dean of the College of Law, Amar, appears to have no control over the faculty or his staff. Amar appears to be complicit in the activity. People like Vermillion are running around breaking the law regularly. Vermillion is a terrible human being, and she should be fired and removed from her post immediately. She is unfit to be in her position, and her behavior may be criminal. Moritz and Wexler are also terrible human beings, and they should be reprimanded in some form and should receive some professional discipline for their actions. The University of Illinois needs to investigate and find out who sent the false and fraudulent reports to Snyder. When it finds out, it needs to tell me. I want to know who is responsible for those reports.

I am going to send a copy of this letter to the Office for Access & Equity at the University of Illinois. I may also send this letter to the ABA and allow the ABA to take whatever action it deems necessary against the College of Law. I may also take legal action against the College of Law and the University of Illinois. I am presently evaluating my legal options. I fear that the College of Law will continue to behave much like it did last year and that its lack of respect for my rights will infect future professors in future classes. If that happens, I will file a lawsuit against the College of Law and its officials.

The University of Illinois should be ashamed of itself.

Sincerely,

Keith Singh

CC: Office for Access & Equity

---

[3] Moritz and Wexler may have discriminated against me for other reasons in addition to my race and the fact that they are racist. But my race and the fact that they are racist is certainly one of the reasons.

**your request**

Winship, Verity <vwinship@illinois.edu>

Tue 8/2/2022 4:19 PM

To: Singh, Keith <keeruts2@illinois.edu>

Dear Keith,

We are working to get you access to your student file in response to your request. The Student Records Office will contact you to arrange a time to inspect it.

Your letters make it clear that you are concerned about meeting with the Student Assistance Center Dean. We think you need to comply, but we want you to get a chance to review your student file first. Once you look, I hope you'll see some of your concerns are ill-founded. Let's see where we are after you have the chance to review those records.

Kind regards,
Dean Winship

**VERITY WINSHIP**
*Professor & Associate Dean for Academic Affairs*
Bio I CV I Papers

University of Illinois Urbana-Champaign
College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820
(217) 244-8161 I vwinship@illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

**RE: Second Response to Correspondence**

Brown, Justin <justbrow@illinois.edu>
Tue 8/23/2022 8:53 AM
To: Singh, Keith <keeruts2@illinois.edu>
Cc: Snyder, Katherine <kzilmer@illinois.edu>
Dear Mr. Singh,

I hope this message finds you well. I am writing to you as the chair of the Behavioral Intervention Team. We have allowed you time to finish your internship and return to the community, so please communicate with Associate Dean Snyder immediately about setting up the required meeting she has written you about twice now. You are welcome to bring someone with you to this meeting; no one has stated otherwise. Whomever you bring with you cannot speak for you, but they can absolutely be there to advise you. Dean Snyder is also able to provide information about what has shared with us during your meeting with her, but it is my understanding that what we have received is largely email communication that you should already have copies of. You have also mentioned allegations and claims against you, but to reiterate, the Behavioral Intervention Team is interested in talking with you about your experiences in the College of Law, email exchanges we have been provided, and other such topics. Besides your current refusal to abide by a reasonable request by a university official acting in the performance of her duty, you are not being alleged to have violated university policy by Associate Dean Snyder or myself, and we are not responsible for enforcing most Student Code policies with law students anyway. However, I do want to clear up your misconception that the Dean of Students for the university does not serve or oversee (through a number of existing policies and processes) law students. The scope of the Office of the Dean of Students is, in fact, all students. Although there is a position within the College of Law that uses the "Dean of Students" title as well, that is irrelevant to this conversation and to Associate Dean Snyder's request.

We will give you until the end of this week to make the necessary arrangements with Associate Dean Snyder, but our expectation is that this meeting occur very soon. Thank you for your understanding.

Best wishes,
--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

University of Illinois Urbana-Champaign
Student Affairs
Office for Student Conflict Resolution
300 Student Services Bldg. I M/C 306
Champaign, IL 61820
217.333.3680 I justbrow@illinois.edu
www.conflictresolution.illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

---

**From:** Singh, Keith <keeruts2@illinois.edu>
**Sent:** Friday, July 8, 2022 4:00 PM
**To:** Student Assistance Center Dean <helpdean@illinois.edu>
**Cc:** Winship, Verity <vwinship@illinois.edu>; Vermillion, Virginia <deanv@illinois.edu>
**Subject:** Second Response to Correspondence
**Importance:** High

This message is for Katherine Snyder. I have attached my response to your second letter

**Re: Second Response to Correspondence**

Singh, Keith <keeruts2@illinois.edu>
Tue 8/23/2022 10:17 AM
To: Brown, Justin <justbrow@illinois.edu>
Dear Mr. Brown,

I don't know what you are talking about. I will need Ms. Snyder to provide me with copies of the e-mails in question. I will also need to know what the meeting is about and what you are accusing me of doing. At that point, I will look into getting legal counsel. Your request is not reasonable unless it is your position that the school can force students into a meeting with the "Behavioral Intervention Team" for a friendly chat. There is obviously something you are accusing me of here, but you are refusing to tell me. That violates my due process rights. Also, what provision of the Student Code are you referencing?

Your request remains unreasonable, and thus there is not going to be any meeting.

Sincerely,
Keith Singh

---

**From:** Brown, Justin <justbrow@illinois.edu>
**Sent:** Tuesday, August 23, 2022 8:53 AM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Cc:** Snyder, Katherine <kzilmer@illinois.edu>
**Subject:** RE: Second Response to Correspondence

Dear Mr. Singh,

I hope this message finds you well. I am writing to you as the chair of the Behavioral Intervention Team. We have allowed you time to finish your internship and return to the community, so please communicate with Associate Dean Snyder immediately about setting up the required meeting she has written you about twice now. You are welcome to bring someone with you to this meeting; no one has stated otherwise. Whomever you bring with you cannot speak for you, but they can absolutely be there to advise you. Dean Snyder is also able to provide information about what has shared with us during your meeting with her, but it is my understanding that what we have received is largely email communication that you should already have copies of. You have also mentioned allegations and claims against you, but to reiterate, the Behavioral Intervention Team is interested in talking with you about your experiences in the College of Law, email exchanges we have been provided, and other such topics. Besides your current refusal to abide by a reasonable request by a university official acting in the performance of her duty, you are not being alleged to have violated university policy by Associate Dean Snyder or myself, and we are not responsible for enforcing most Student Code policies with law students anyway. However, I do want to clear up your misconception that the Dean of Students for the university does not serve or oversee (through a number of existing policies and processes) law students. The scope of the Office of the Dean of Students is, in fact, all students. Although there is a position within the College of Law that uses the "Dean of Students" title as well, that is irrelevant to this conversation and to Associate Dean Snyder's request.

We will give you until the end of this week to make the necessary arrangements with Associate Dean Snyder, but our expectation is that this meeting occur very soon. Thank you for your understanding.

Best wishes,
--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

**11**

**RE: Second Response to Correspondence**

Brown, Justin <justbrow@illinois.edu>
Tue 8/23/2022 10:34 AM

To: Singh, Keith <keeruts2@illinois.edu>
Mr. Singh,

Given the function of the Behavioral Intervention Team (BIT), a required meeting in a timely manner is a reasonable request, and all students are required to comply with such requests under 1-302.g of the Student Code. So yes, in fact, the university can require a student to meet with them for a chat, and in my experience most of these conversations are actually quite friendly (That is certainly how Associate Dean Snyder and I both approach them.). If the meeting were disciplinary in nature or otherwise intended to investigate a possible policy violation, then you would be afforded due process, but this meeting is to understand you and your perspective so that the BIT can fulfill its role. We are not accusing you of wrongdoing.

--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

University of Illinois Urbana-Champaign
Student Affairs
Office for Student Conflict Resolution
300 Student Services Bldg. I M/C 306
Champaign, IL 61820
217.333.3680 I justbrow@illinois.edu
www.conflictresolution.illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

**From:** Singh, Keith <keeruts2@illinois.edu>
**Sent:** Tuesday, August 23, 2022 10:17 AM
**To:** Brown, Justin <justbrow@illinois.edu>
**Subject:** Re: Second Response to Correspondence

Dear Mr. Brown,

I don't know what you are talking about. I will need Ms. Snyder to provide me with copies of the e-mails in question. I will also need to know what the meeting is about and what you are accusing me of doing. At that point, I will look into getting legal counsel. Your request is not reasonable unless it is your position that the school can force students into a meeting with the "Behavioral Intervention Team" for a friendly chat. There is obviously something you are accusing me of here, but you are refusing to tell me. That violates my due process rights. Also, what provision of the Student Code are you referencing?

Your request remains unreasonable, and thus there is not going to be any meeting.

Sincerely,
Keith Singh

**From:** Brown, Justin <justbrow@illinois.edu>
**Sent:** Tuesday, August 23, 2022 8:53 AM
**To:** Singh, Keith <keeruts2@illinois.edu>

**12**

## Re: Second Response to Correspondence

Singh, Keith <keeruts2@illinois.edu>
Tue 8/23/2022 11:14 AM
To: Brown, Justin <justbrow@illinois.edu>
What is the function of the Behavioral Intervention Team?

---

**From:** Brown, Justin <justbrow@illinois.edu>
**Sent:** Tuesday, August 23, 2022 10:34 AM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Subject:** RE: Second Response to Correspondence

Mr. Singh,

Given the function of the Behavioral Intervention Team (BIT), a required meeting in a timely manner is a reasonable request, and all students are required to comply with such requests under 1-302.g of the Student Code. So yes, in fact, the university can require a student to meet with them for a chat, and in my experience most of these conversations are actually quite friendly (That is certainly how Associate Dean Snyder and I both approach them.). If the meeting were disciplinary in nature or otherwise intended to investigate a possible policy violation, then you would be afforded due process, but this meeting is to understand you and your perspective so that the BIT can fulfill its role. We are not accusing you of wrongdoing.

--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

University of Illinois Urbana-Champaign
Student Affairs
Office for Student Conflict Resolution
300 Student Services Bldg. I M/C 306
Champaign, IL 61820
217.333.3680 I justbrow@illinois.edu
www.conflictresolution.illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

**From:** Singh, Keith <keeruts2@illinois.edu>
**Sent:** Tuesday, August 23, 2022 10:17 AM
**To:** Brown, Justin <justbrow@illinois.edu>
**Subject:** Re: Second Response to Correspondence

Dear Mr. Brown,

I don't know what you are talking about. I will need Ms. Snyder to provide me with copies of the e-mails in question. I will also need to know what the meeting is about and what you are accusing me of doing. At that point, I will look into getting legal counsel. Your request is not reasonable unless it is your position that the school can force students into a meeting with the "Behavioral Intervention Team" for a friendly chat. There is obviously something you are accusing me of here, but you are refusing to tell me. That violates my due process rights. Also, what provision of the Student Code are you referencing?

**RE: Second Response to Correspondence**

Brown, Justin <justbrow@illinois.edu>
Tue 8/23/2022 12:12 PM

To: Singh, Keith <keeruts2@illinois.edu>
In short, to prevent targeted violence within our community through early intervention, proactive engagement, and a variety of supportive services.

--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

University of Illinois Urbana-Champaign
Student Affairs
Office for Student Conflict Resolution
300 Student Services Bldg. I M/C 306
Champaign, IL 61820
217.333.3680 I justbrow@illinois.edu
www.conflictresolution.illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

**From:** Singh, Keith <keeruts2@illinois.edu>
**Sent:** Tuesday, August 23, 2022 11:14 AM
**To:** Brown, Justin <justbrow@illinois.edu>
**Subject:** Re: Second Response to Correspondence

What is the function of the Behavioral Intervention Team?

**From:** Brown, Justin <justbrow@illinois.edu>
**Sent:** Tuesday, August 23, 2022 10:34 AM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Subject:** RE: Second Response to Correspondence

Mr. Singh,

Given the function of the Behavioral Intervention Team (BIT), a required meeting in a timely manner is a reasonable request, and all students are required to comply with such requests under 1-302.g of the Student Code. So yes, in fact, the university can require a student to meet with them for a chat, and in my experience most of these conversations are actually quite friendly (That is certainly how Associate Dean Snyder and I both approach them.). If the meeting were disciplinary in nature or otherwise intended to investigate a possible policy violation, then you would be afforded due process, but this meeting is to understand you and your perspective so that the BIT can fulfill its role. We are not accusing you of wrongdoing.

--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

University of Illinois Urbana-Champaign
Student Affairs
Office for Student Conflict Resolution
300 Student Services Bldg. I M/C 306
Champaign, IL 61820

**14**

**Re: Second Response to Correspondence**

Singh, Keith <keeruts2@illinois.edu>
Tue 8/23/2022 12:37 PM
To: Brown, Justin <justbrow@illinois.edu>
Cc: Winship, Verity <vwinship@illinois.edu>

Dear Mr. Brown,

Thank you very much for that definition. I hope you understand what you just admitted. The Bevhaviorial Intervention Team exists to do what you just said. That is your duty.

§ 1-302(g) of the Student Code provides that a student may be disciplined for "failing to comply with reasonable directions of a member or agent of the university acting in the performance of their *duty*" (emphasis added). You are trying to force me into a meeting to "prevent targeted violence"—thereby suggesting that I have done something to justify such a meeting.

I vigorously deny those allegations. I have not done anything, and I don't know what you are talking about. You have no factual basis, and the College of Law is retaliating against me by reaching out to your department. I refer you back to the letters. You have not provided me with any evidence, and I still do not have the e-mails you referenced previously.

Consequently, your request is not reasonable, and the school would be violating the Student Code if it attempted to discipline me for not talking to you—thereby violating my due process rights.

I don't know how to make it any clearer. I feel like I have repeated this now several times.


Sincerely,
Keith Singh

---

**From:** Brown, Justin <justbrow@illinois.edu>
**Sent:** Tuesday, August 23, 2022 12:12 PM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Subject:** RE: Second Response to Correspondence

In short, to prevent targeted violence within our community through early intervention, proactive engagement, and a variety of supportive services.

--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

University of Illinois Urbana-Champaign
Student Affairs
Office for Student Conflict Resolution
300 Student Services Bldg. I M/C 306
Champaign, IL 61820
217.333.3680 I justbrow@illinois.edu
www.conflictresolution.illinois.edu

**15**

**Re: Second Response to Correspondence**

Singh, Keith <keeruts2@illinois.edu>
Tue 8/23/2022 12:41 PM
To: Brown, Justin <justbrow@illinois.edu>
Cc: Winship, Verity <vwinship@illinois.edu>
Apologies for any typos in the previous message.

---

**From:** Singh, Keith <keeruts2@illinois.edu>
**Sent:** Tuesday, August 23, 2022 12:37 PM
**To:** Brown, Justin <justbrow@illinois.edu>
**Cc:** Winship, Verity <vwinship@illinois.edu>
**Subject:** Re: Second Response to Correspondence

Dear Mr. Brown,

Thank you very much for that definition. I hope you understand what you just admitted. The Bevhavioral Intervention Team exists to do what you just said. That is your duty.

§ 1-302(g) of the Student Code provides that a student may be disciplined for "failing to comply with reasonable directions of a member or agent of the university acting in the performance of their **duty**" (emphasis added). You are trying to force me into a meeting to "prevent targeted violence"—thereby suggesting that I have done something to justify such a meeting.

I vigorously deny those allegations. I have not done anything, and I don't know what you are talking about. You have no factual basis, and the College of Law is retaliating against me by reaching out to your department. I refer you back to the letters. You have not provided me with any evidence, and I still do not have the e-mails you referenced previously.

Consequently, your request is not reasonable, and the school would be violating the Student Code if it attempted to discipline me for not talking to you—thereby violating my due process rights.

I don't know how to make it any clearer. I feel like I have repeated this now several times.

Sincerely,
Keith Singh

---

**From:** Brown, Justin <justbrow@illinois.edu>
**Sent:** Tuesday, August 23, 2022 12:12 PM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Subject:** RE: Second Response to Correspondence

In short, to prevent targeted violence within our community through early intervention, proactive engagement, and a variety of supportive services.

--
**JUSTIN BROWN (HE, HIM, HIS)**
*Associate Dean of Students and Director*

**16**

**Due Process Problems**

Singh, Keith <keeruts2@illinois.edu>
Tue 8/23/2022 5:23 PM
To: Winship, Verity <vwinship@illinois.edu>
Cc: Amar, Vikram D <amar@illinois.edu>;Vermillion, Virginia <deanv@illinois.edu>
Dear Dean Winship,

I wanted to follow up on my previous correspondence with Mr. Brown from the Behavioral Intervention Team (BIT). This is mentioned in the capricious complaints that I will file later, but I want to point out now the numerous legal problems that this school is potentially facing.

The University of Illinois College of Law ***offered*** me admission in 2021. I ***accepted*** the ***offer*** later in the same year. I received the Dean's Scholarship. In return for giving me a (mostly) free legal education, the College of Law received my stats—thereby satisfying consideration. Therefore, a contract was formed between the College of Law and me. The terms of this contract are in the Student Code and College of Law Handbook.

You have told me that I must speak with BIT. I disagree. The Student Code does not require me to do so. § 1-302(g) of the Student Code provides that a student may be disciplined for "failing to comply with reasonable directions of a member or agent of the university ***acting in the performance of their duty***" (emphasis added). For the reasons mentioned previously, the request is not reasonable. You still have not provided evidence to show the factual basis for the meeting.

If the College of Law attempts to discipline me for this, the school will be violating the Student Code (again)—thereby breaching the contract (again). In doing so, the school will have deprived me of my property without due process of law. *See, e.g.*, *Doe v. Purdue Univ.*, 928 F.3d 652, 659–60 (7th Cir. 2019) (considering whether there is a contractual right when evaluating whether a student has a property interest in due process claims against universities). It is important to note that this is separate from the due process that the school must provide in whatever hearing I receive. This is also separate from the due process I must receive in the hearings about the capricious complaints that I will be filing soon. Most civil due process claims come from universities depriving students of due process. This also does not include the other claims that I could bring against the school for its unlawful conduct.

Either provide me with the evidence that shows the factual basis for the attempted forced meeting or drop the matter. I don't want to hear from BIT anymore. In the alternative, you can move forward with your fraudulent disciplinary proceedings so I can hire a lawyer. Otherwise, I don't want to hear about it anymore.

I will certainly sue to protect my rights if the school attempts to enforce any kind of discipline over this phony matter. Also, even if you provide the evidence, I will have to evaluate it to determine whether it satisfies the reasonableness requirement in the language of the Student Code. (Spoiler alert: It won't because I have not done anything wrong.) You guys are not the King. You can't just do whatever you want and claim it is reasonable.

**17**

## Next steps

Winship, Verity <vwinship@illinois.edu>
Thu 9/8/2022 9:27 AM
To: Singh, Keith <keeruts2@illinois.edu>
Cc: Amar, Vikram D <amar@illinois.edu>
Dear Keith,

We hope that your opportunity to review your student file was helpful to you.  We also hope, now that you have undertaken that review, that you have reconsidered your refusal to meet with the Behavioral Intervention Team (BIT). Although to date you have chosen not to meet with the Team, we believe such a meeting is indicated and required. As you know, this obligation is spelled out in more detail in the student code, as are the potential consequences for your failing to meet with them.

We are firmly of the view that your complying with your duty to meet with BIF to identify and hopefully address various conflicts in which you have been embroiled is necessary to promote the health of the College and the university community. You have contended that "[t]here have been no conflicts between [you] and faculty" but in the very same email in which you made that contention you identify three people - professors and senior administrators - with whom you have had sharp and ongoing conflicts and as to whom you seem to harbor a great deal of animosity. In that email you also point out that prior correspondence with the College provides even more detail about these conflicts, a fact that serves to underscore their seriousness and persistence. By seeking a meeting with you, BIF is attempting, among other things, to help manage these conflicts and any others they may find relevant.

Unfortunately the friction in which you have been involved has continued even after we met with you, twice, to convey the law school's expectations, to lay out the formal, and appropriate, routes available to you for challenging grades or faculty behavior, and to reassure you that law school had no desire to persecute you in any way. Given where things are at, your meeting with BIF is a helpful and required step, and it is in your best interests to take such a meeting as the student code requires.

Sincerely,
Dean Winship

**VERITY WINSHIP**
*Professor & Associate Dean for Academic Affairs*
Bio | CV | Papers

University of Illinois Urbana-Champaign
College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820
(217) 244-8161 | vwinship@illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

**Re: Next steps**

Singh, Keith <keeruts2@illinois.edu>
Thu 9/8/2022 10:41 AM
To: Winship, Verity <vwinship@illinois.edu>
Cc: Amar, Vikram D <amar@illinois.edu>
Dean Winship,

My position has not changed. It sounds like this may be an issue for a court of law to address. If the College of Law insists on violating the Student Code and breaching its contract with me, that is the College of Law's problem. In any case, you are not going to bully me unlawfully.

I will be filing my capricious complaints here soon. In these complaints, I will address the false and fraudulent reports that the College of Law submitted to BIT. Let's see if your position changes after you read those complaints.

Keith Singh

---

**From:** Winship, Verity <vwinship@illinois.edu>
**Sent:** Thursday, September 8, 2022 9:27 AM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Cc:** Amar, Vikram D <amar@illinois.edu>
**Subject:** Next steps

Dear Keith,

We hope that your opportunity to review your student file was helpful to you.  We also hope, now that you have undertaken that review, that you have reconsidered your refusal to meet with the Behavioral Intervention Team (BIT). Although to date you have chosen not to meet with the Team, we believe such a meeting is indicated and required. As you know, this obligation is spelled out in more detail in the student code, as are the potential consequences for your failing to meet with them.

We are firmly of the view that your complying with your duty to meet with BIF to identify and hopefully address various conflicts in which you have been embroiled is necessary to promote the health of the College and the university community. You have contended that "[t]here have been no conflicts between [you] and faculty" but in the very same email in which you made that contention you identify three people - professors and senior administrators - with whom you have had sharp and ongoing conflicts and as to whom you seem to harbor a great deal of animosity. In that email you also point out that prior correspondence with the College provides even more detail about these conflicts, a fact that serves to underscore their seriousness and persistence. By seeking a meeting with you, BIF is attempting, among other things, to help manage these conflicts and any others they may find relevant.

Unfortunately the friction in which you have been involved has continued even after we met with you, twice, to convey the law school's expectations, to lay out the formal, and appropriate, routes available to you for challenging grades or faculty behavior, and to reassure you that law school had no desire to persecute you in any way. Given where things are at, your meeting with BIF is a helpful and required step, and it is in your best interests to take such a meeting as the student code requires.

Sincerely,
Dean Winship

**VERITY WINSHIP**

19

**Retaliation Complaint**

Singh, Keith <keeruts2@illinois.edu>
Thu 9/8/2022 11:12 AM
To: Rietz, Patrick G <rietz@illinois.edu>
Cc: Winship, Verity <vwinship@illinois.edu>;Amar, Vikram D <amar@illinois.edu>

Dear Mr. Rietz,

My name is Keith Singh, and I am a student at the College of Law. I was referred to you by
the Office for Diversity and Equity, where I filed a discrimination complaint against the
College of Law for its unlawful activity. I was told to reach out to you for retaliation issues, as
you are the HR contact.

I would like to file an official complaint against Shannon Moritz, Lesley Wexler, Verity
Winship, Virginia Vermillion, and Vikram Amar for retaliating against me. I would also like to
file a retaliation complaint against the College of Law generally. I told the College of Law that
I would file capricious complaints against various instructors. I have a right to do so under §
3-107 of the Student Code. The College of Law responded by filing false and fraudulent
reports about me to outside entities. That is plainly retaliation. The College of Law may be
considering discipline against me, so this retaliation complaint is serious, and it may be a
legal matter as well.

Please let me know if you need anything else from me.

Sincerely,
Keith Singh

**proposed meeting**

Winship, Verity <vwinship@illinois.edu>
Mon 9/19/2022 1:05 PM
To: Singh, Keith <keeruts2@illinois.edu>
Cc: Amar, Vikram D <amar@illinois.edu>
Dear Keith,

As we have explained to you before, refusal to meet with the Behavioral Intervention Team (BIT) is serious. And as you know, the student code spells out the obligation and potential consequences, including possible disciplinary action, for failing to discharge that obligation. That said, the Dean and I are more than willing to sit down and talk with you before we take any next steps, to listen to what you have to say, to reiterate why we think meeting with BIF is helpful and necessary for you, and to once again demonstrate to you that the law school has no desire to persecute you in any way.

Dean Amar and I are available to meet with you on Wednesday, September 28th. Please let us know if you are amenable to meeting and, if so, when you are available on that day.

Sincerely,

Dean Winship

**VERITY WINSHIP**
*Professor & Associate Dean for Academic Affairs*
Bio | CV | Papers

University of Illinois Urbana-Champaign
College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820
(217) 244-8161 | vwinship@illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

## Next steps - due by end of day Oct 25

Winship, Verity <vwinship@illinois.edu>
Tue 10/18/2022 2:57 PM

To: Singh, Keith <keeruts2@illinois.edu>
Cc: Snyder, Katherine <kzilmer@illinois.edu>;Wilczynski, Robert <rwilczyn@illinois.edu>

Dear Keith,

We wish you well and want you to thrive at the law school, so want to give you this last opportunity to simply meet with the Behavioral Intervention Team (BIT), as requested and required. The University deems failure to attend a meeting with the BIT to be action subject to discipline under campus guidelines. If you do not make arrangements to meet with the BIT in the next week (i.e., before the end of day October 25), we will need to start the disciplinary process.

You were referred to the BIT in light of longstanding and ongoing conflicts you have had with several members of the law school community, many of which you have documented extensively in your letters and emails. Some of your email exchanges also suggest that these conflicts have started to characterize your interactions with students as well. As Dean Brown has pointed out to you, the BIT is interested in talking with you about your experiences in the College of Law, email exchanges provided to it, and other such topics. By attending the BIT meeting, you can discuss your concerns and Dean Snyder would be able to give you more information, though what the BIT received is largely email communication that you should already have copies of.  As Dean Brown indicated earlier, in his experience most of the conversations with the BIT are actually quite friendly.

Though failing to comply with the reasonable request for a meeting is disciplinable (as noted above), the BIT meeting itself is not disciplinary in nature or otherwise intended to investigate a possible policy violation. The BIT team described this meeting to you as designed to understand you and your perspective so that the BIT can fulfill its role. They also reiterated and emphasized that they are not accusing you of wrongdoing. I urge you to take this route and meet with the BIT.

I have copied Dean Snyder and Dean Wilczynski, who directs the Office for Student Conflict Resolution, the role previously held by Dean Brown.

Sincerely,
Dean Winship

**VERITY WINSHIP**
*Professor & Associate Dean for Academic Affairs*
Bio I CV I Papers

University of Illinois Urbana-Champaign
College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820
(217) 244-8161 I vwinship@illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*

**Fraudulent Claims**

Singh, Keith <keeruts2@illinois.edu>
Tue 10/18/2022 6:23 PM
To: Snyder, Katherine <kzilmer@illinois.edu>;Wilczynski, Robert <rwilczyn@illinois.edu>
Cc: Student Assistance Center Dean <helpdean@illinois.edu>;Office for Access and Equity
<accessandequity@illinois.edu>;Winship, Verity <vwinship@illinois.edu>

This message is for the Office of the Dean of Students, specifically Katherine Snyder and
Robert Wilczynski.

My name is Keith Singh, and I am a student at the College of Law. The College of Law has
reached out to the Office of the Dean of Students and the Behavioral Intervention Team (BIT)
and provided false information about me. I have already been in contact with Katherine
Snyder. I seek evidence.

The College of Law demanded that I speak with BIT for no reason. Upon receiving the
demand, I denied the allegations and asked the College of Law for information and evidence
to figure out what was going on. The College of Law did not provide me with any evidence. It
is unclear what the issue is or why the College of Law reached out to BIT. I should not have
to guess; I do not have any copies of any e-mails. This is not only an unreasonable demand,
but it is so unreasonable and unlawful that it is hard to take seriously. BIT apparently made
no efforts to verify the information it received from the law school.

Thus, I informed the College of Law that I would not speak to BIT because it would violate
my First Amendment rights and my rights under the Student Code. The College of Law is
now threatening to discipline me for no reason. I informed the College of Law that I would file
a lawsuit in response to any discipline. I have already filed numerous complaints against the
College of Law regarding its improper conduct.

Although BIT is not going to be involved with the discipline, the communication between the
College of Law and BIT is the crux of this issue. Katherine Snyder, Justin Brown, Robert
Wilczynski, and any other people involved with this issue should be prepared to testify in the
legal dispute. So, I hereby ask BIT to forward to me any information it has relating to this
matter. I want any reports, e-mails, or information forwarded to my e-mail. This matter is
going to be in court if there is discipline, so this is pretty serious. I expect a prompt response.
A failure to provide this information will further show the ridiculous nature of the matter. This
school is a circus, so it is hard to take it seriously. I do not know how the school could
possibly claim that it made a reasonable request when it behaved in this manner. I have
considered this a legal matter from the beginning. The school has no argument under the
law or the Student Code at the present time.

I have also filed capricious complaints under the Student Code against instructors at the
College of Law. I will be seeking testimony from BIT for the purposes of those complaints,
and I will be in touch soon.

I am copying the Office for Access & Equity into this message because the College of Law
has violated my rights. This is retaliation.

23

**RE: Fraudulent Claims**

Snyder, Katherine <kzilmer@illinois.edu>

Wed 10/19/2022 4:01 PM

To: Singh, Keith <keeruts2@illinois.edu>

Cc: Wilczynski, Robert <rwilczyn@illinois.edu>

Hi Keith,

Thank you for your message.

I am interpreting your email as a formal request to inspect and review your educational records. In this case, please know that we provide access, not copies, and we have 45 days to do so. We will work to prepare your records for your review. We will alert you as to when we are ready so that you can make an appointment to come to our office in-person and review them.

Thank you,
Katherine

**Katherine C. Snyder,  M.A., CTM**
**Associate Dean of Students**

Office of the Dean of Students
University of Illinois
300 Turner Student Services Building, MC-306
610 East John Street
Champaign, IL 61820
Phone: 217.333.0050 l kzilmer@illinois.edu
Fax: 217.265.5000
Website: https://www.odos.illinois.edu/community-of-care/student-assistance-center/

**From:** Singh, Keith <keeruts2@illinois.edu>
**Sent:** Tuesday, October 18, 2022 6:24 PM
**To:** Snyder, Katherine <kzilmer@illinois.edu>; Wilczynski, Robert <rwilczyn@illinois.edu>
**Cc:** Student Assistance Center Dean <helpdean@illinois.edu>; Office for Access and Equity <accessandequity@illinois.edu>; Winship, Verity <vwinship@illinois.edu>
**Subject:** Fraudulent Claims

This message is for the Office of the Dean of Students, specifically Katherine Snyder and Robert Wilczynski.

My name is Keith Singh, and I am a student at the College of Law. The College of Law has reached out to the Office of the Dean of Students and the Behavioral Intervention Team (BIT) and provided false information about me. I have already been in contact with Katherine Snyder. I seek evidence.

The College of Law demanded that I speak with BIT for no reason. Upon receiving the demand, I denied the allegations and asked the College of Law for information and evidence to figure out what was going on. The College of Law did not provide me with any evidence. It is unclear what the issue is or why the College of Law reached out to BIT. I should not have to guess; I do not have any copies of any e-mails. This is not only an unreasonable demand, but it is so unreasonable and unlawful that it is hard to take seriously. BIT apparently made no efforts to verify the information it received from the law school.

Thus, I informed the College of Law that I would not speak to BIT because it would violate

24

**From:** illinois-advocate@advocate.symplicity.com <illinois-advocate@advocate.symplicity.com>
**Sent:** Tuesday, October 25, 2022 1:04 PM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Subject:** UIUC Disciplinary Update: IMPORTANT



October 25, 2022          UPDATED NOTICE
***Sent Via Email:*** **keeruts2@illinois.edu**
Keith Singh
UIN: 657706176
Case No. 02821-2022


RE:    UPDATE ON RECORDS REQUEST

Dear Keith:
The records you requested are available for review.  Please call my office, 217-333-3680, during normal business hours (8:30 a.m. - 5 p.m.) and no later than November 4, 2022, to schedule an appointment to come in and review the records on site.  The appointment will be to let our support staff know what time to expect you and to make sure there is a space available for you to review the report. You will not be allowed to take the report off premises, nor duplicate the report in any fashion. Phones are not permitted in the review room. You may bring a laptop with you to take notes or to write your response.  Paper is also available on request.
Additionally, you were directed by Dean Winship at the College of Law to phone my office by 5:00pm today, to set up a meeting with me and another member of the Behavioral Intervention Team.  Guidance provided to the College by the Senate Committee on Student Discipline are as follows:

> *Failure to comply with BIT-issued or other safety-focused requirements – Dismissal Comment: The university's Behavioral Intervention Team (BIT) is responsible for assessing and managing potential safety risks posed by students. In order to fulfill its mission, BIT must occasionally place immediate requirements on students, from mandatory meetings to behavioral restrictions. A student's failure to comply with these requirements either prevents BIT from properly assessing a possible threat or directly puts the campus community at risk.*

You can find the document in its entirety here:
http://www.conflictresolution.illinois.edu/resources/forms-and-guides/docs/sanctioning-guidance.pdf


I hope that you comply with this directive so that escalations are not needed in this matter.
Sincerely,


Robert Wilczynski
Interim Director, Office for Student Conflict Resolution

**Re: Next steps - Meeting**

Singh, Keith <keeruts2@illinois.edu>
Fri 10/28/2022 3:11 PM
To: Winship, Verity <vwinship@illinois.edu>;Amar, Vikram D <amar@illinois.edu>

Dean Winship,

Thank you for your message. I will forward the date and time along to my attorney to make sure he is available.

I have reviewed the records at the Office of the Dean of Students. I will be filing an official request under the Family Educational Rights and Privacy Act (FERPA) to delete and remove the entire file. The College of Law has provided a fictional story that lacks any factual basis. There is no evidence in the record to support any of the allegations.

The word "defamation" says it all. The records not only support my position but further illustrate how the Behavioral Intervention Team (BIT) took no steps to verify the information that it received. There are also numerous false claims that are contradicted by factual evidence. I should remind you that the individual who filed the report is the subject of a discrimination complaint that is currently pending before the Office of Access & Equity (OAE).

But the records themselves are separate from the First Amendment concern. Under the law, the school must meet a particular threshold to restrict a student's free speech rights. The school has not met that burden.

I look forward to discussing this with you and Dean Amar next week (pending confirmation by my attorney).

Sincerely,
Keith Singh

---

**From:** Winship, Verity <vwinship@illinois.edu>
**Sent:** Friday, October 28, 2022 12:26 PM
**To:** Singh, Keith <keeruts2@illinois.edu>
**Cc:** Amar, Vikram D <amar@illinois.edu>
**Subject:** RE: Next steps - Meeting

Dear Keith,

We can meet Wednesday **Nov. 2 at 2pm CST**. It will be via Zoom, given your counsel's constraints. The person attending from the University Counsel's office is Brett Schnepper (bschnep2@uillinois.edu).

We understand that you have requested access to your records at the central campus Dean of Student's office. If you have not yet viewed these, we advise you to do so before our meeting.

Sincerely,
Dean Winship

**Time-sensitive - Next Steps**

Winship, Verity <vwinship@illinois.edu>
Mon 11/14/2022 9:38 AM
To: Singh, Keith <keeruts2@illinois.edu>
Dear Keith,

We appreciated the opportunity to meet with you and your attorney. Your attorney is welcome to review the records you requested from the Office for Student Conflict Resolution accompanied by you. Campus has made it clear that review must be in person; they do not distribute these records or provide remote review. So that your attorney can review the file, you will need to fill out and provide a FERPA release, which is available at http://www.conflictresolution.illinois.edu/resources/forms-and-guides/docs/release-authorization.pdf. Other than that, the process is the same as when you reviewed the documents. Please contact the Office for Student Conflict Resolution at 217-333-3680 to set up a time to review your records, and to raise any questions you have about their procedures.

As you know, we previously imposed deadlines on making arrangements to meet with the BIT but stopped the clock to give you and your counsel the chance to meet with us. That meeting has taken place and you have had the chance to discuss the matter with your counsel. Accordingly, we must now move forward. We have given you multiple opportunities to meet with BIT as campus and law school regulations require. At this point, we will have to start the disciplinary process if you have not met with BIT by the end of the week (**Nov. 18**).

Sincerely,

Dean Winship

**VERITY WINSHIP**
*Professor & Associate Dean for Academic Affairs*
Bio | CV | Papers

University of Illinois Urbana-Champaign
College of Law
504 East Pennsylvania Avenue
Champaign, IL 61820
(217) 244-8161 | vwinship@illinois.edu



*Under the Illinois Freedom of Information Act any written communication to or from university employees regarding university business is a public record and may be subject to public disclosure.*