E-FILED
Monday, 28 November, 2022 04:05:45 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT E

# III.   COLLEGE OF LAW HONOR CODE AND CODE OF STUDENT RESPONSIBILITY: ACADEMIC YEAR 2022-2023

## A.  HONOR CODE

Since students in the College are preparing for careers in a profession demanding honesty and integrity, the College requires high standards of conduct. The College operates under an honor system. The College's Code of Student Responsibility, reprinted below, details the grounds on which students may be found in violation of this honor system. The Code also imposes additional obligations on students.

## B.  CODE OF STUDENT RESPONSIBILITY

§ 1.01  Students enrolled in the professional and graduate level degree and graduate non-degree programs at the University of Illinois College of Law are subject to the *Student Code*, which is available online at admin.illinois.edu/policy/code as well as the College of Law Honor Code and Code of Student Responsibility.

§ 1.02  As future members of the legal profession, students at the College of Law bear a special responsibility to insist upon and to maintain high standards of integrity. Accordingly, it is expected that each student of the College of Law will scrupulously regard the rights of others and will observe high standards of integrity in his or her personal conduct. Toward this end, the College of Law has defined the following academic and nonacademic violations, set out in Sections 1.03-1.08, which are subject to discipline in accordance with the procedures set forth in Sections 2.01-5.09.

§ 1.03   <u>Misrepresentation</u>. Misrepresentation is any act of fraud or deception by which the student gains or attempts to gain a benefit or advantage from the University, its constituent institutions, its faculty, staff, or students, or persons dealing with the University. Examples of this offense include, but are not limited to, the following:

   a. forging or altering any University document, record, or instrument of identification;
   b. furnishing material information which is known by the student to be false to any official, other employee, or agent of the University; or
   c. furnishing to any person material information which is known to the student to be false and which related to the student's academic record or otherwise concerns activities in the University.

§ 1.04  <u>Unfair Advantage</u>. Unfair advantage is any act of fraud, deception, or improper influence by which the student gains or attempts to gain an academic benefit or advantage from the University, its constituent institutions, its faculty, staff, or students, or persons dealing with the University. "Academic benefit or advantage" results from the student's course work as well as from other activities (such as Law Review, Moot Court, and College of Law competitions), which in any manner affect the student's professional education, training, or development.

Examples of this offense include, but are not limited to, the following:

a. unauthorized copying, unauthorized collaboration, or unauthorized use of notes or books on any examination, project, or paper;
b. failure to observe time limits set for an examination by the instructor in charge;
c. lying about the performance of academic work;
d. submitting the same work, or portions of the same work, in more than one class unless explicitly authorized to do so;
e. submitting as one's own and without citation, writings or ideas known by the student to be of another (including those of any person furnishing writing for hire) in any academic pursuit; or
f. offering or attempting to offer money or other thing or service to a member of the University community, including its faculty, staff, and students, in an effort to gain academic benefit or advantage.

§ 1.05 <u>Interference with Property</u>. Interference with property is any taking or destruction of the property of the University, of its constituent institutions, or of its faculty, staff, or students. Examples of this offense include, but are not limited to, the following:

a. stealing, damaging, or destroying notes or books of students;
b. stealing, hiding, or vandalizing library materials; or
c. stealing, damaging, destroying, or otherwise misusing other University property.

§ 1.06 <u>Harassment</u>. Harassment is any physical assault upon, threat against, or substantial interference with work or study of a member of the University community, including its faculty, staff, and students, as well as of any other person who is lawfully present on University premises. Examples of this offense include but are not limited to:

a. intentionally blocking or attempting to block physical entry to, or exit from, a University building, corridor, or room to anyone apparently entitled to enter or leave;
b. engaging in shouted interruptions, whistling, derisive laughter, or other means that alone or in conjunction with others prevent or seriously interfere with a class, speech program, or other teaching or learning process, under circumstances where the student knows or reasonably should have known the serious interference would occur; or
c. engaging in disruptive behavior directed toward one or more individuals in the library, offices, or other place, that seriously interferes with the work of others.

§ 1.07 <u>Gross Neglect of Professional Duty</u>. Gross neglect of professional duty is a clear and knowing violation of generally accepted standards of integrity. Examples of this offense include but are not limited to:

a. failure to report any suspected violation of this Code by any student having reasonable grounds to believe that such a violation has occurred;
b. failure to cooperate with the College of Law Committee on Student Discipline or with the Secretary to such Committee with respect to the conduct of any investigation or

  proceeding held in connection with any alleged violation by any other person of the College of Law Code of Student Responsibility;
  c. aid intentionally given to another student in violation of this Code; or
  d. embezzlement or other breach of trust.

§ 1.08  <u>Other University Offenses</u>. It is a breach of this Code to fail to obey any duly promulgated University rule or regulation relating to student conduct and which is applicable to students in the College of Law, whether now or hereafter adopted by the Board of Trustees or other University authority.

**C.  RULES GOVERNING DISCIPLINARY PROCEEDINGS**

**Part A: Application**

§ 2.01  These procedures apply only to individual misconduct, and the appropriate procedures, as contained in the <u>University's Student Disciplinary Procedures</u>, will be implemented should a student enrolled in the College of Law become involved in an incident of extraordinary group misconduct.

**Part B: Participants in Disciplinary Process**

§ 3.01  <u>Administrative Officer</u> means the Dean, an Associate Dean or Assistant Dean of the College of Law, any Officer of the Campus or University Administration, and any employee of the University to whom supervisory responsibility over matters relating to student conduct has been delegated except members of the Senate Committee on Student Discipline or of the Subcommittee.

§ 3.02  <u>Adviser</u> means a person who has agreed to appear with Respondent at any proceeding under these Rules. A Respondent may be accompanied by and may consult with his or her Adviser at any such proceedings, but the Adviser may not represent Respondent.

§ 3.03  <u>Alternate</u> means a person appointed as a faculty or student Alternate to the Subcommittee who has not yet been designated by the Chair to replace an excused Member. One (1) faculty Alternate and one (1) student Alternate shall be regularly appointed, and additional appointments shall be made as necessary to provide a full Subcommittee to conduct the proceedings concerning a particular Respondent. Alternates shall have the same qualifications as and shall be selected in the same manner as Members. A faculty Alternate may only replace an excused faculty Member, and a student Alternate may only replace an excused student Member. Until designated for such replacement by the Chair, an Alternate shall not participate in any hearing, consideration, deliberation or vote concerning any matter before the Subcommittee.

§ 3.04  <u>Chair</u> means the individual serving as chairperson of the Subcommittee. The Chair shall be selected according to current procedures of the College of Law and the Senate Committee on Student Discipline.

§ 3.05  Counsel means the person who has agreed to represent Respondent in any proceeding under these Rules. A Respondent has a right to consult with and be represented by Counsel in all such proceedings, and the person so serving shall be the sole representative of Respondent. If Respondent has engaged Counsel, he or she shall notify the Dean of Counsel's name and address.

§ 3.06  Dean means the Dean of the College of Law or, when so designated by the Dean or Acting Dean, an Associate Dean. In carrying out his or her responsibilities under these Rules, the Dean may consult with the Executive Committee of the College of Law.

§ 3.07  Member means a person appointed as a faculty or student Member of the Subcommittee who has not been excused, and a person appointed as a faculty or student Alternate who has been designated by the Chair to replace an excused Member. Faculty Members shall be appointed from among permanent members of the College of Law faculty who are not Administrative Officers or members of the College Executive Committee. Student Members shall be appointed from among full-time students who are J.D. candidates registered in the College of Law. Members shall be selected according to current procedures of the College of Law and the Senate Committee on Student Discipline.

§ 3.08  Respondent means a law student upon whom a Formal Notice has been served.

§ 3.09  Secretary means an Administrative Officer or permanent member of the College of Law faculty who is not a Member of the Subcommittee or of the Senate Committee on Student Discipline and who is appointed by the Dean to investigate the allegations in a Formal Notice or instead or in addition to assist in drafting a Formal Charge and to present evidence regarding the charge to the Subcommittee. The Secretary should obtain and present all available relevant information which, in the Secretary's judgment, will assure an informed and fair administrative review and Subcommittee hearing. The same person or different persons may serve as Secretary at various stages, as determined by the Dean pursuant to § 5.04.

§ 3.10  Subcommittee means the Subcommittee on Student Discipline for Law Students, consisting of three (3) faculty Members and (2) student Members. Any hearing before, submission to or deliberations by the Subcommittee shall include all five (5) Members then serving. Except as otherwise provided herein, Subcommittee decisions shall be by majority vote.

§ 3.11  Witness means a person called upon to provide information at a Subcommittee hearing or in a Secretary's investigation. All Law students and University employees shall cooperate fully when called upon to be Witnesses, and any refusal to be interviewed or to produce evidence may be a matter for disciplinary or employment action. A Witness may refuse to testify or produce evidence which would tend to inculpate that person in any Violation of University or College Regulations or in any violation of law. Any statement by or evidence of Respondent made or produced by Respondent to Counsel or an Adviser in that person's capacity as Counsel or Adviser is privileged.

**Part C: General Definitions and Guidelines**

§ 4.01  <u>Formal Charge</u> means a statement of the Violation(s) charged with reference to the relevant University Regulations and College of Law Disciplinary Rules, and a statement of the ultimate facts which constitute the specification of the Violations(s) charged.

§ 4.02  <u>Formal Notice</u> means a statement that the Respondent is alleged to have been involved in a possible Violation, a summary statement of the alleged facts, and specification of the Violation(s) suggested by the alleged facts.

§ 4.03  <u>Informal Resolution</u> means a process whereby the matter is resolved informally by counseling or by permitting Respondent to accept a specified disposition without further proceedings. A disposition may be so imposed by the Dean only with Respondent's consent. If a proposed disposition is accepted by Respondent, it will be imposed forthwith and without opportunity for appeal. If a proposed disposition is refused, the Dean may proceed with the next step in the administrative process. The fact a disposition was offered and refused, and the nature of the proposed disposition shall not limit or otherwise affect any further action.

§ 4.04  <u>Report</u> is the written submission of the Secretary to the Dean upon conclusion of an investigation. It shall contain (i) a summary of the relevant facts and (ii) conclusions as to whether there is a factual basis for a Formal Charge.

§ 4.05  <u>Sanctions</u> which may be imposed upon a finding of a Violation by the Subcommittee are limited to one or more of the following: (1) reprimand of official record; (2) conduct probation; (3) suspension; and (4) dismissal. The fact Respondent has been or may be subject to other sanctions for the same conduct, whether such sanctions have been or may be imposed by civil authorities or by academic officials, shall not bar the initiation of disciplinary proceedings or the imposition of Sanctions for Violations. The fact a student has been or may be subject to Sanctions under this Code shall in no way affect the power of any academic official to grade or otherwise evaluate such student's performance for academic purposes.

§ 4.06  <u>Service</u> of papers upon Respondent shall be accomplished by delivery to Respondent personally, by email to the student's University email account, or by regular mail to Respondent's current local address specified in College of Law records. If mailed at a time when regular semester classes are not in session, a copy shall be mailed to any permanent address specified in College of Law records. If Respondent has notified the Dean of his or her Counsel's name and address, a copy shall be mailed to Counsel at the specified address.

§ 4.07  <u>Violation</u> means conduct proscribed by University Regulation relating to student conduct or by the College of Law Code of Student Responsibility.

**Part D: Administrative Procedures**

§ 5.01  <u>Preliminary Determination</u>. Upon receipt of information regarding a possible violation by a Law student, the Dean may informally gather such additional information as will facilitate a preliminary determination of how to proceed. If the Dean determines that a possible Violation has occurred, he or she shall issue a Formal Notice unless it appears that the interests of the student involved and of the College of Law and University would be best served by counseling the student.

§ 5.02  <u>Notice to Respondent; Reply and Action</u>. The Dean shall arrange for Service of the Formal Notice upon Respondent, together with copies of relevant University Regulations and College of Law Disciplinary Rules and shall call particular attention to Respondent's right to Counsel and an Adviser and right to reply. Upon a request for an opportunity to reply, submitted to the Dean in person or by telephone or letter within three (3) business days of the date upon which the Formal Notice was personally delivered or five (5) business days of the date upon which the Formal Notice was mailed, the Dean shall set a date for the reply and the manner in which it shall be received and shall so notify Respondent. In the reply, Respondent may present evidence in rebuttal of the summary of facts contained in the Formal Notice and instead or in addition may provide information bearing upon the propriety of Informal Resolution. If no reply is made, the Dean shall designate a Secretary and refer the Formal Notice to the Secretary. If a reply is made, the Dean upon consideration of it may withdraw the preliminary determination of a possible Violation, attempt Informal Resolution, or designate a Secretary and refer the Formal Notice to the Secretary. If a Formal Notice is referred to the Secretary, the Dean shall arrange for Service upon Respondent of notification of this referral and of the Secretary's name, address and telephone number.

§ 5.03  <u>Investigation</u>. The Secretary shall identify and interview available Witnesses and shall identify and obtain relevant and available real or documentary evidence. Statements of Witnesses or summaries of interviews shall be prepared or obtained and preserved. Respondent shall have the right to submit statements or real or documentary evidence to the Secretary and to suggest persons whom the Secretary should interview. Upon completion of the investigation, the Secretary shall prepare and submit a Report to the Dean accompanied by all statements, summaries and real and documentary evidence obtained or prepared by the Secretary.

§ 5.04  <u>Charge or Other Disposition</u>. Upon review of the Report, the Dean may determine that the evidence is insufficient to establish a Violation and withdraw the Formal Notice, refer the matter back to the Secretary or to a newly appointed successor for further investigation, attempt Informal Resolution, or refer a Formal Charge to the Subcommittee. If Informal Resolution is sought, the Dean shall first provide Respondent with a copy of the Report and an opportunity to inspect all evidence submitted to the Dean by the Secretary. If the Dean decides to refer a Formal Charge, he or she shall designate the investigation Secretary or a successor to assist in preparation of the Formal Charge and to present evidence to the Subcommittee. The Dean shall arrange for Service of the Formal Charge upon Respondent together with a copy of the Report, notice of Respondent's right to inspect and copy all evidence submitted to the Dean by the Secretary, a list of the name of all Subcommittee Members and Alternates, and the name, mailing address and telephone number of the Chair. Once referred to the Subcommittee, a Formal Charge may be withdrawn only upon recommendation of the Dean and approval of the Subcommittee.

**Part E: Pre-Hearing Determinations; Preparation for Hearing**

§ 6.01  <u>Recusal</u>. The Chair shall provide copies of the Formal Charge to Subcommittee Members and Alternates. Any Member or Alternate who believes he or she would be unable properly to participate because of serious illness, special interest or prior knowledge which has resulted in prejudgment shall notify the Chair and shall be excused.

§ 6.02  Motions, Challenges and Requests. All motions, challenges and requests shall be delivered in writing to the Chair within five (5) business days of the date on which the Formal Charge was personally served upon Respondent or within seven (7) business days of the date on which the Formal Charge was mailed to Respondent. Except in extraordinary circumstances, no motion, challenge or request will be considered unless timely made. Challenges shall be considered before motions and requests. The Subcommittee shall grant a challenge for cause, dismiss all or part of a Formal Charge, or otherwise grant a motion or request (except for Respondent's request for an open hearing or to transcribe or record the hearing proceedings) only upon the basis of information formally presented to the Subcommittee and only after affording the opposing party sufficient opportunity to contest the factual and legal bases for such action.

§ 6.03  Peremptory Challenge. Respondent may challenge one Subcommittee Member or Alternate without stating any cause. Upon receipt of such peremptory challenge, the named person shall be excused.

§ 6.04  Challenge for Cause. Respondent and the Secretary may challenge any Subcommittee Member or Alternate for cause. Such challenge shall state the special interest, prior knowledge or other cause for the challenge and sufficient facts to support the cause asserted. The person challenged shall not participate in the Subcommittee's actions regarding the challenge but may be called upon by the Subcommittee to comment on the facts alleged to support the challenge. Each challenge shall be considered and decided separately. If the challenge is granted, the person challenged shall be excused.

§ 6.05  Motions. Normally, the only motion allowable at the prehearing stage of the proceedings is a motion to dismiss on the grounds that the facts alleged in the Formal Charge, presumed to be true for purposes of the motion, do not or legally may not constitute a Violation.

§ 6.06  Requests. Normally, only these types of requests are allowable: (1) a request by Respondent that the hearing be open, which shall be granted as a matter of right; (2) a request by Respondent to transcribe or record the hearing proceedings at Respondent's own expense, which shall be granted as a matter of right; (3) a request for an extension of the time to file a challenge, motion or request, which shall be ruled upon by the Subcommittee.

§ 6.07  Prehearing Conference. The Secretary and Respondent shall confer promptly after the Formal Charge has been served to consider and seek agreement on such matters as may facilitate a timely and fair disposition. They shall agree upon no fewer than three (3) hearing days and so notify the Chair. If they agree to a two-stage hearing procedure, they shall so notify the Chair, in which case the presentation of evidence principally related to an appropriate Sanction and related deliberations shall be deferred to a second stage following presentation of evidence, deliberations and findings on whether Respondent committed the Violation charged. They shall review together the evidence which will be presented and shall stipulate to all evidence as to which there is no dispute as to fact.

§ 6.08  Notice of Hearing; Responsibility of Participants. The Chair shall take account of the dates agreed to by the Secretary and Respondent and of the availability of the Subcommittee in setting a date for the hearing at least ten (10) business days following the date of the Formal

Charge. By Service upon Respondent and like communication to the Secretary, the Chair shall give written notice of the date, time, and place set for the hearing. For good cause shown, the Chair may grant a continuance requested by Respondent, the Secretary or a Member, subject to the request by a Member that the question be put to a vote of the Subcommittee. It is the responsibility of the parties to notify and secure the presence of witnesses; of Respondent to secure the necessary recording equipment or personnel needed as a consequence of the granting of his request to record or transcribe; and of the Chair to secure the presence of all Members of the Subcommittee and required recording equipment or personnel.

**Part F: Hearing and Deliberations**

§ 7.01  Role of Chair. The Chair shall be primarily responsible for the conduct of the hearing, including the determination of whether there is good cause for a recess; provided, however, that any Member may request that a ruling by the Chair be submitted for a vote of the Subcommittee. Deviation from any procedures specified herein is permissible only upon vote of the Subcommittee and in the interest of fairness and for good cause shown.

§ 7.02  Spectators; Presence of Witnesses. Unless Respondent timely requested that the hearing be open, it shall be closed to all but the necessary parties. Witnesses may be present only while presenting evidence or testimony.

§ 7.03  Order and Nature of Hearing. The hearing should proceed in the following order: (1) determination by the Chair that the parties are present and ready to proceed, except that the Subcommittee may proceed in Respondent's absence upon a determination that Respondent has forfeited the right to be present by his or her willful absence; (2) a brief and nonargumentative opening statement by the Secretary; (3) a like opening statement by Respondent, unless deferred until completion of the Secretary's presentation; (4) presentation in any logical order by the Secretary of testimony, real or documentary evidence, and stipulations; (5) like presentation by Respondent; (6) closing argument by the Secretary, which may include argument concerning appropriate findings and Sanction; (7) like closing statement by Respondent. The Secretary and Respondent shall be permitted, at appropriate occasions during the hearing, to contest the veracity, reliability and relevance of any information, evidence or testimony presented and to suggest alternative conclusions which may be drawn from information presented. Upon conclusion of Respondent's presentation, the Secretary or Respondent may request an opportunity to present additional evidence. Such requests shall be granted by the Subcommittee only if the regular presentations have revealed an unanticipated need for such additional evidence. In the same circumstances, the Subcommittee may request the submission of additional evidence.

§ 7.04  Evidence. The formal rules of evidence shall not apply; the Subcommittee may consider all relevant testimony or real or documentary evidence. Objection to the presentation of any evidence or testimony shall be made at the time such evidence or testimony is proposed to be presented to the Subcommittee.

§ 7.05  Questioning of Witnesses. Subject to the direction of the Chair, the Secretary and Respondent and any Subcommittee member may question any Witness. The Chair shall assure that no Witness is abused or harassed.

§ 7.06  Deliberations. Upon completion of the hearing the Subcommittee shall promptly meet for closed and unrecorded deliberations. The Subcommittee shall first determine whether the conduct and Violation(s) charged were established by clear and convincing evidence. In accordance with federal law and University policy, the Subcommittee shall follow the preponderance of the evidence standard in instances of allegations of sexual harassment or sexual violence. Upon an affirmative finding establishing a violation of the Honor Code, the Subcommittee shall then (or, if the two-stage hearing procedure is utilized, after further hearing) consider the imposition of an appropriate Sanction, taking into account aggravating and mitigating factors. The Subcommittee shall consider not only the seriousness of the Violation within the University and College of Law communities but also its seriousness in light of the professional requirements and responsibilities of lawyers. An affirmative vote of four (4) Members shall be necessary for imposition of the Sanction of dismissal.

**Part G: Reports and Records**

§ 8.01  Limited Record Where No Formal Notice. If a Formal Notice is not made or is withdrawn, no record of the alleged violation will be made or preserved on the student's official transcript, but a record may be made or preserved solely for the purposes of the College of Law and to make required reports to the Senate Committee on Student Discipline.

§ 8.02  Record of Subcommittee Proceedings. A minute record of any preliminary review and of the Subcommittee's deliberations will be made and preserved. A verbatim transcript or recording of the formal hearing shall be made and preserved. Upon request, a Respondent may at his or her own expense obtain a copy of the verbatim transcript or recording.

§ 8.03  Confidentiality. Access to the record of the hearing or of submissions and any record made in connection with a pre-hearing determination shall normally be limited to the Secretary, Respondent, the Subcommittee, the Senate Committee on Student Discipline, and Administrative Officers. This shall not limit in any way the Dean's authority and responsibility to provide information to appropriate authorities regarding a candidate's fitness for admission to the bar.

§ 8.04  Report of Dismissal. Upon a determination to dismiss all or part of the Formal Charge, the Subcommittee shall adopt a written statement explaining the basis for such action. The statement shall be signed by all members of the Subcommittee subscribing thereto; concurring or dissenting views may but need not be included. The Chair shall transmit a copy of this statement to the Dean and the Secretary and shall arrange for Service of a copy upon Respondent.

§ 8.05  Report of Findings. After a hearing and deliberations, the Subcommittee shall adopt written findings which shall include a summary of the facts found by the Subcommittee, a statement specifying which Violation(s) charged the Subcommittee finds to have been committed by Respondent, and a statement specifying the Sanction imposed. Any special aggravating, mitigating or extenuating circumstances found by the Subcommittee may also be

stated. The findings shall be signed by all Members of the Subcommittee subscribing thereto; concurring or dissenting views may but need not be included. The Chair shall transmit a copy of the findings to the Dean and the Secretary and shall arrange for Service of a copy upon Respondent together with a copy of the Rules of the Senate Committee on Student Discipline relating to appeal procedures.

§ 8.06  Public Notice. After Respondent has been served with a copy of the findings or dismissal statement and, in the event of findings adverse to Respondent, after all University appeal procedures have been completed, the Subcommittee shall prepare and publish for the information of the College of Law community a public notice regarding the action taken. This notice shall not identify the Respondent by name, but shall specify: (1) the nature of each charged Violation disposed of; (2) whether the disposition was (a) dismissal, (b) a finding that the Violation was proved, or (c) a finding that the Violation was not proved; and (3) any Sanction imposed. This notice may also summarize the specifications of each charged Violation disposed of, explain the basis of any dismissal, and summarize findings regarding whether the charged Violation(s) were proved.