IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEERUT SINGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-cv-2252 |
| | ) | |
| VIKRAM AMAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on Plaintiff Keerut "Keith" Singh's Motion for Preliminary Injunction and Temporary Restraining Order.  See d/e 2.  The motion has been fully briefed and, as of December 1, 2022, fully argued.  For the reasons that follow, Mr. Singh's motion is DENIED.

## I.  BACKGROUND

The Court construes the Complaint, see d/e 1, and the Motion, see d/e 2, in the light most favorable to Mr. Singh, accepting all well-pleaded allegations as true and taking all reasonable inferences in his favor.  Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003).

Plaintiff Keerut Singh is a second-year law student at the University of Illinois College of Law. Mr. Singh enrolled in the University on a full-tuition merit scholarship and eventually was invited to join the Illinois Law Review.

Shortly after beginning his first semester, Mr. Singh met with Defendant Virginia Vermillion, the law school's Dean of Students, to amend his law school application. He alleges that Dean Vermillion responded to his request by remarking that "[y]ou fucking [M]iddle [E]asterners are untrustworthy." Compl., d/e 1, ¶ 28. Mr. Singh is of Sikh origin.

After his first semester, Mr. Singh filed formal complaints against instructors who he believed had graded his coursework and exams capriciously. Mr. Singh also had conflicts with other students and school administrators. The school made several informal attempts to resolve Mr. Singh's concerns and disputes, but those attempts were unsuccessful.

In April 2022, Dean Vermillion contacted the University of Illinois Behavioral Intervention Team (BIT) to share her concerns regarding Mr. Singh's behavior. Dean Vermillion alleged that Mr. Singh had threatened Dean Vermillion and other administrators,

made female instructors and students uncomfortable, and shown signs of "disjointed" thinking.

Illinois law requires that post-secondary institutions take preventive and proactive action to prevent campus violence. See 110 Ill. Comp. Stat. § 12/1 et seq.; see also Ill. Admin. Code tit. 29, § 305 et seq. The BIT therefore assesses and monitors "students exhibiting aberrant, dangerous, or threatening behavior." See BIT Program Summary, Univ. of Ill. (last accessed Dec. 1, 2022), available at www.illinois.edu/community-of-care/behavioral-intervention-team. To ensure that the BIT's work is unimpeded, the University's various codes of conduct require the subject of a BIT complaint to comply with any "reasonable" directives. Failure to comply with BIT's directives can result in disciplinary sanction, including dismissal.

In June 2022, Defendant Katherine Snyder, the University's Associate Dean of Students and a member of the BIT, reached out to Mr. Singh to request an informal, non-disciplinary meeting regarding Dean Vermillion's claims. Dean Snyder wrote that such a meeting was "a necessary and required step in the process when we are made aware of situations such as this one." Defs.' Resp. ex.

A, d/e 7-1, at 22. But Mr. Singh declined to accept Dean Snyder's invitation. Instead, Mr. Singh responded that the First Amendment shielded him from "compulsory speech," demanded access to his student records, and threatened to take legal action. See id. at 24–25 (July 8, 2022, letter from Mr. Singh to Dean Snyder).

On November 18, Mr. Singh filed this suit pursuant to 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972. The Complaint[1] alleges that Defendants—all officials, employees, and trustees of the University of Illinois—violated Mr. Singh's First, Fifth, and Fourteenth Amendment rights by compelling him to meet with the BIT, retaliating against him for his exercise of his right to free speech, and subjecting him to the strictures of an unconstitutionally vague code of conduct. See generally Compl., d/e 1, at 12–22. Mr. Singh concurrently filed a Motion for

---

[1] On December 1, 2022, Mr. Singh filed a putative amended complaint. See d/e 8. Mr. Singh has not yet served Defendants with his first Complaint. But see Fed. R. Civ. P. 15(a)(1)(A–B) (permitting amendment without leave of court only after service). Regardless, the Court will not address or consider the putative amended complaint in this Order.

Preliminary Injunction and Temporary Restraining Order. See Pl.'s Mot., d/e 2.

On November 22, the Court denied Mr. Singh's motion for a temporary restraining order. See Text Order dated November 22, 2022. The Court found in the pleadings no evidence that Defendants had "imposed or begun the process of imposing disciplinary sanctions" against Mr. Singh. Id. Accordingly, the Court concluded that Mr. Singh had not alleged any "immediate and irreparable injury, loss, or damage." Id. (quoting Fed. R. Civ. P. 65(b)(1)(A)).

On November 23, 2022, Mr. Singh filed a supplement to his Motion for Preliminary Injunction and Temporary Restraining Order. See d/e 5. Mr. Singh contends that Defendants have now "begun the disciplinary proceedings that Plaintiff was and is seeking to enjoin." Id. at 1. As evidence of this change in the case's "factual posture," Mr. Singh appended to his supplement a letter from Defendant Verity Winship captioned "Re: Formal Notice of Possible Disciplinary Violations," dated November 21, 2022, and courtesy-copied to Defendants Vikram Amar and Susan Landrum. Id. ex. 1 at 2–3. The letter indicates that the "suggested formal

sanction" for Mr. Singh's alleged misconduct is his dismissal from the University of Illinois College of Law.  Id.  The letter further sets a deadline of November 29, 2022, for Mr. Singh to file his "formal reply" to the University's allegations.  Id. at 3.  As of December 1, 2022, Mr. Singh still had not met with the BIT.

On November 28, in response to the evidence contained in Mr. Singh's supplement, the Court set Mr. Singh's requests for injunctive relief for hearing.  On December 1, the Court heard argument on Mr. Singh's motion and thereafter took the motion under advisement.  See Minute Entry dated December 1, 2022.  The Court also considered and denied Mr. Singh's motion for leave to proceed under a pseudonym and to seal the record.  Id.

## II. JURISDICTION AND VENUE

Mr. Singh brings this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000d et seq., and 20 U.S.C. § 1681 et seq. This Court therefore has federal-question jurisdiction over his claims.  See 28 U.S.C. § 1331 (granting "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  Venue is proper because a substantial part of the

events or omissions giving rise to Mr. Singh's claims occurred within this District. See 28 U.S.C. § 1391(b).

### III. LEGAL STANDARD

A preliminary injunction "is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the moving party must demonstrate (1) that the party will suffer irreparable harm if the injunction is not granted; (2) that no adequate remedy at law exists; and (3) a reasonable likelihood of success on the merits. See Planned Parenthood of Indiana, Inc., v. Comm'r of Indiana State Dep't of Health, 699 F.3d 962, 972 (7th Cir. 2012).

If all these threshold conditions are met, the Court must then weigh the relative balance of the equities. Id. The more likely it is that the moving party will succeed on the merits, the less the balance of the equities needs to favor the moving party's position. See Planned Parenthood, 699 F.3d at 972; see also Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc., 549 F.3d 1079, 1100 (7th Cir. 2008). The Court must also consider the public interest in denying or granting the injunction. Id.; see also Ty, Inc. v. Jones Grp. Inc., 237 F.3d 891, 895–96 (7th Cir. 2001).

"The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions." <u>Anthony v. Vill. of South Holland</u>, 2013 WL 5967505 at *2 (N.D. Ill. Nov. 8, 2013); <u>see also</u> <u>Merritte v. Kessel</u>, 561 F. App'x 546, 548 (7th Cir. 2014).

### IV. ANALYSIS

Mr. Singh seeks both a temporary restraining order and a preliminary injunction. Both measures would bar Defendants from subjecting him to further disciplinary process during the pendency of this case. As the Court has noted, preliminary injunctions and temporary restraining orders are analyzed under the same standard. <u>See</u> <u>id.</u> This Order, therefore, considers both of Mr. Singh's requests together.

The first question is whether denying Mr. Singh an injunction will cause him irreparable harm. Mr. Singh argues that any number of consequences—from a compulsory meeting with the BIT to the premature demise of his legal career—would follow. In response, Defendants contend that "the stakes are much lower." Defs.' Resp., d/e 7, at 8. They say that Mr. Singh's "decision not to

meet with BIT" would be "the sole cause of any 'irreparable harm' he now claims to face." Id. at 9.

Irreparable harm "means an injury that money cannot repair." See Bentz v. Ghosh, 718 F. App'x 413, 420 (7th Cir. 2017). Put differently, irreparable harm is that which cannot be rectified by a favorable final judgment and an award of money damages or a permanent injunction. See, e.g., Abbott Labs. v. Mead Johnson & Co, 971 F.2d 6, 16 (7th Cir. 1992); Roland Mach. Co. v. Dresser Indus., Ind., 749 F.2d 380, 386 (7th Cir. 1984). "Not every conceivable injury entitles a litigant to a preliminary injunction," East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co., 414 F.3d 700, 704 (7th Cir. 2005), and "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," Winter, 555 U.S. at 22.

As noted above, Mr. Singh alleges two discrete irreparable harms. He alleges that in the absence of an injunction he will be compelled to speak with the BIT, and in so doing will suffer a violation of his First Amendment right "to refrain from speaking at

all." See Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31, 138 S. Ct. 2448, 2463 (2018). Mr. Singh also alleges that he will be expelled from the University if he continues to assert that right by declining to meet with the BIT.

The gravity of Mr. Singh's allegations is obvious. And the disciplinary sanctions that Mr. Singh may face are troubling. But the harms he alleges here are too speculative to warrant the extraordinary measure of preliminary injunctive relief. Prohibiting the University "from enforcing a universally applicable disciplinary code does not seem to this court, on this limited record, to be a reasonable solution to this very difficult problem." Long v. Bd. of Educ., Dist. 128, 167 F. Supp. 2d 988, 993 (N.D. Ill. 2001).

First, Mr. Singh has not shown that meeting with the BIT will cause him irreparable constitutional harm. The First Amendment prohibits state institutions from compelling individuals "to voice ideas with which they disagree." Janus, 138 S. Ct. at 2464. As the parties agree, the University's codes of conduct obligate Mr. Singh to comply with the BIT's "reasonable" requests. But nothing indicates that the University intends to force Mr. Singh to engage in the kind of speech protected by the First Amendment. The

codes of conduct do not require that Mr. Singh take a particular position or disavow a particular viewpoint. Compare Pl.'s Ex. G, d/e 5-1, at 2 (requiring meeting with BIT members "to get to the bottom of your many conflicts and the allegations you assert in them") with Miller v. Skumanick, 605 F. Supp. 2d 634 (M.D. Pa. 2009), aff'd sub nom. Miller v. Mitchell, 598 F.3d 139 (3d Cir. 2010) (requiring that teenagers accused of "sexting" expressly repudiate the activity, in writing, to avoid criminal prosecution). Indeed, the codes of conduct do not require that Mr. Singh utter a single word. On this record, the Court cannot find that by meeting with the BIT, Mr. Singh will suffer an irreparable harm.

Nor has Mr. Singh shown that allowing the University's disciplinary process to move forward will cause him irreparable harm. Much—if not all—of the reasoned case law suggests otherwise. E.g., Noakes v. Case Western Reserve Univ., 2021 WL 4441608 at *11 (N.D. Ohio Sept. 28, 2021) (finding consequences of pending medical-school disciplinary proceeding neither "certain" nor "immediate"); Doe v. Univ. of Chicago, 2017 WL 818859 at *5 (N.D. Ill. Mar. 2, 2017) (finding student's claim that disciplinary process would "threaten[] his reputation and his educational

opportunities . . . too speculative to constitute irreparable harm"); Jackson v. Macalester College, No. 16-cv-0448, 2016 WL 3029932 (D. Minn. Mar. 11, 2016) (same); Doe v. Ohio State Univ., 136 F. Supp. 3d 854 (S.D. Ohio 2016) (same).

Mr. Singh alleges that the only path forward ends in his expulsion. If that proves to be the case, or if the University's disciplinary process is otherwise procedurally infirm, then Mr. Singh's dismissal from law school may well constitute an irreparable harm. Cf. Doe v. Univ. of Cincinnati, 872 F.3d 393, 405–07 (6th Cir. 2017) (enjoining university from enforcing suspension imposed after hearing "without constitutionally adequate due process"). Yet the possibility of a sanction is not the same as its guarantee. Until Mr. Singh's "hearing is eventually held, we do not know that harm will result; a tribunal might very well clear [Mr. Singh] of any wrongdoing." Univ. of Chicago, 2017 WL 818859 at *5. And until these processes have run their course, the Court cannot find a clear showing of irreparable harm.

## V. CONCLUSION

Because Mr. Singh has not demonstrated irreparable harm, the Court need not address the other elements of Mr. Singh's claim for injunctive relief.  See, e.g., D.U. v. Rhoades, 825 F.3d 331, 339 (7th Cir. 2016).  Mr. Singh's Motion for Preliminary Injunction (d/e 2) is DENIED.

**ENTERED: DECEMBER 5, 2022**

**FOR THE COURT:**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**