IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| KEITH SINGH, | ) | |
|---|---|---|
| | ) | **MOTION FOR RECONSIDERATION** |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | 2:22-cv-02252 |
| VIKRAM D. AMAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR RECONSIDERATION

Plaintiff, Keith Singh here moves the Court to reconsider its Order denying Plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. 11), as well as its Bench Order ("Minute Entry") denying Plaintiff's motion to proceed as John Doe. Plaintiff raised three First Amendment issues in his Complaint: compelled speech, retaliation, and chilling of Plaintiff's free speech. *See* Dkt. 10. The Court did not address First Amendment retaliation or chilling—either of which would satisfy the irreparable harm standard. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Cassell v. Snyders*, 990 F.3d 539, 546 (7th Cir. 2021) (same). Plaintiff has now requested leave to file an amended complaint (Dkt. 10), so the adequate claims are reflected in that document. Plaintiff plans to file an interlocutory appeal of both Orders if this motion is denied, and time is of the essence.

1

Additionally, the Court has not provided any explanation as to why it denied Plaintiff's motion to proceed as John Doe. "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citations omitted). The Court provided no legal justification for its denial, which alone may constitute an abuse of discretion. *See id.* Plaintiff explained in his motion that his employer had conducted a background check and looked for civil actions. Dkt. 1-2. He further explained that Defendants might make baseless allegations about his mental health of the sort raised in their response (e.g., "paranoid" and "delusional"), *id.*, and that he was concerned that if his employer saw such baseless assertions, he could lose his job. *Id.*; Dkt. 9 at 23–24. Plaintiff provided a reasonable explanation as to why he did not redact the initial filings—it was an oversight due to haste in filing for extraordinary relief, not a knowing waiver. *See* Dkt. 9 at 23–24.

Plaintiff is at risk of losing his job, which moves the balance of harm significantly in his favor. *See Doe*, 819 F.3d at 376–77. Defendants face no prejudice because the named parties are aware that it was Plaintiff who brought the action. *See* Defs'. Ex. F. Defendants offered no basis on which to oppose Plaintiff's motion. *See* Dkt. 7. Further, any harm the public faces if Plaintiff is allowed to proceed anonymously is extremely diffuse. Plaintiff does not challenge the general rule of open proceedings and named

2

parties, absent exceptional circumstances. But exceptional circumstances are present here. Plaintiff's potential loss of employment (perhaps career), as well as hundreds of thousands (if not millions) of dollars in lost future income, outweighs the prejudice or harm to Defendants (none) or the public (remote and diffuse).

The Court should grant Plaintiff's motion and direct the Clerk to change the docket to reflect John Doe. If the Court denies the motion, the Court should direct the Clerk to change the docket to properly reflect Plaintiff's name (Keith Singh).

Dated:  December 6, 2022 /s/Justin Schwartz
Justin Schwartz
ARDC No. 627328
1723 Devon Ave. # 607882
Chicago, IL 60660
(847) 687-5477
justinschwartzlaw@gmail.com

## **NOTICE OF FILING AND PROOF OF SERVICE**

I, Justin Schwartz, an attorney, hereby certify that on December 6, 2022, I caused the attached Document to be filed using CM/ECF. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

/s/Justin Schwartz December 6, 2022
Justin Schwartz