**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
------------------------------------------------------------------X
**KEERUT "KEITH" SINGH,**

       **Plaintiff,**                          **No.: 2:22-cv-02252-SEM-EIL**


       **v.**

**VIKRAM D. AMAR, et al.**

       **Defendants.**
------------------------------------------------------------------X


### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO SEAL COURT RECORD OR TO PROCEED UNDER A PSEUDONYM

**NESENOFF & MILTENBERG, LLP**

Andrew T. Miltenberg, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
T. (212) 736-4500
amiltenberg@nmllplaw.com
kmohr@nmllplaw.com

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................... 1

II.   PROCEDURAL HISTORY ...................................................................................... 1

III.   LEGAL STANDARD ............................................................................................... 2

   a.   Legal Standard to Seal Documents ...................................................................... 2

   b.   Legal Standard for a Motion for Reconsideration ............................................... 2

   c.   Legal Standard to Proceed Under Pseudonym ..................................................... 3

IV.   ARGUMENT ........................................................................................................... 4

   a.   Plaintiff Has Demonstrated Good Cause to Seal the Record ............................... 4

   b.   Plaintiff's Motion to Proceed Under Pseudonym Should be Granted .................. 6

      i.   Plaintiff will Face Irreparable Harm Absent Anonymity ................................ 7

      ii.   Plaintiff Was Given Improper Legal Advice .................................................. 8

      iii.   Plaintiff Was Not Given an Opportunity to Discontinue ............................... 8

V.   CONCLUSION ........................................................................................................ 9

# TABLE OF AUNTORITIES

**Cases**

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*,
178 F.3d 943 (7th Cir. 1999)............................................................................................ 2

*Doe v. Blue Cross & Blue Shield United of Wisconsin*,
112 F.3d 869 (7th Cir. 1997)......................................................................................... 5, 7

*Doe v. Colautti*,
592 F.2d 704 (3d Cir. 1979) ............................................................................................ 7

*Doe v. Cook Cnty., Illinois*,
542 F. Supp. 3d 779 (N.D. Ill. 2021) ............................................................................ 3, 4

*Doe v. Gallinot*,
486 F.Supp. 983 (C.D.Cal.1979)..................................................................................... 7

*Doe v. Harris*,
495 F.Supp. 1161 (S.D.N.Y.1980).................................................................................. 7

*Doe v. Hartford Life & Acc. Ins. Co.*,
237 F.R.D. 545 (D.N.J. 2006) ........................................................................................ 7

*Doe v. New York Univ.*,
442 F.Supp. 522 (S.D.N.Y.1978).................................................................................... 7

*Doe v. Provident Life & Acc. Ins. Co.*,
176 F.R.D. 464 (E.D. Pa. 1997) ..................................................................................... 7

*Doe v. Standard Ins. Co.*,
No. 1:15-CV-00105-GZS, 2015 WL 5778566 (D. Me. Oct. 2, 2015)........................................ 7

*Lindsey v. Ed Johnson Oldsmobile, Inc.*,
1996 WL 529417 (N.D. Ill. Sept. 13, 1996) ................................................................... 3

*Melton v. Pavilion Behav. Health Sys.*,
843 F. App'x 9 (7th Cir. 2021)......................................................................................... 2

*Melton v. The Pavillion Behav. Health Sys., et al.*,
2020 WL 13679915 (C.D. Ill. June 30, 2020) ................................................................ 2

*Oak Brook Hotel Co. v. Tchrs. Ins. & Annuity Ass'n of Am.*,
No. 91 C 6208, 1992 WL 368025 (N.D. Ill. Nov. 30, 1992) ............................................ 3

*Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*,
762 F.2d 557 (7th Cir.1985).............................................................................................. 3

*Roe v. United States*,
2020 WL 869153 (E.D. Cal. Feb. 20, 2020) .................................................................. 7

*United States v. Courtright*,
2020 WL 774391 (S.D. Ill. Feb. 18, 2020) .................................................................... 2

**Rules**

Fed. R. Civ. P. 54(b) ........................................................................................................ 3

I.      **INTRODUCTION**

Plaintiff, by his undersigned counsel and jointly with counsel for Defendants, respectfully moves this Court for an order sealing the entire Court record and replacing Plaintiff's name with the pseudonym "John Doe." The parties have reached a settlement in this matter and jointly seek to avoid any further harm to Plaintiff due to the public disclosure of his name by having the Court seal the records in this case. The settlement has resolved the dispute, and Plaintiff will be moving for dismissal shortly after the Court's ruling on this Motion. Thus, a complete seal of the entire record is fully justified.

In the event that the Court does not seal the entire record, the parties alternatively request reconsideration of Plaintiff's prior John Doe motion that: (i) the caption of this matter be reverted to reflect the use of the pseudonym "John Doe" for Plaintiff, and (ii) Plaintiff be permitted to file redacted copies of all exhibits containing identifying information so as to preserve Plaintiff's anonymity, including ECF Nos. 1-3, 1-6, 1-7, 5-1, 7-1, 7-2, 7-3, 7-4, 7-6, 9-1, and 13. For the reasons set forth below, the Court should grant the parties' Joint Motion.

II.     **PROCEDURAL HISTORY**

On November 18, 2022, Plaintiff filed a Complaint in this Court (ECF No. 1) and simultaneously filed a motion to proceed by pseudonym (ECF No. 1-2). Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction on November 18, 2022 (ECF No. 2). On November 22, 2022, this Court denied Plaintiff's Motion for Temporary Restraining Order (ECF No. 4). On December 1, 2022, this Court entered a minute entry wherein it denied Plaintiff's Motion to Proceed by Pseudonym, and immediately directed the Clerk to change the docket to reflect Plaintiff's legal name.  On December 5, 2022, this Court denied Plaintiff's Motion for Preliminary Injunction (ECF No. 11). On December 6, 2022, Plaintiff filed a Motion for

Reconsideration of this Court's December 5, 2022 ruling (ECF No. 13), which this Court denied

via text order the same day. On December 7, 2022, Plaintiff filed a Notice of Interlocutory Appeal

as to this Court's December 5, 2022 ruling (ECF No. 15).

The parties engaged in mediation on March 8, 2023, and have since reached a settlement

agreement and mutual release of claims. In light of this resolution, both parties now move the

Court to seal the entire record to preserve Plaintiff's anonymity.

### III.   LEGAL STANDARD

#### a.   Legal Standard to Seal Documents

Although there is a presumption that judicial records are public, "[t]he public's interest in

litigation can be overridden if a party demonstrates good cause for sealing the record or a part

thereof." *United States v. Courtright*, 2020 WL 774391, at *2 (S.D. Ill. Feb. 18, 2020) (citing

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

"A court should permit the sealing of documents only if there is good cause to do so, that is, the

property and privacy interests of the movant outweigh the interests of the public in full

transparency of the judiciary." *Melton v. The Pavillion Behav. Health Sys.*, *et al.*, 2020 WL

13679915, at *2 (C.D. Ill. June 30, 2020), *aff'd sub nom. Melton v. Pavilion Behav. Health Sys.*,

843 F. App'x 9 (7th Cir. 2021). "Notwithstanding an agreement of parties to seal documents, the

decision of whether good cause exists to file a document under seal rests solely with the Court."

*Courtright*, 2020 WL 774391, at *2.

#### b.   Legal Standard for a Motion for Reconsideration

Rule 54 of the Federal Rules of Civil Procedure provides that "any order or other decision

. . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties

. . . may be revised at any time before the entry of a judgment adjudicating all the claims and all

the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  "It is settled law that motions for reconsideration 'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Oak Brook Hotel Co. v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 91 C 6208, 1992 WL 368025, at *1 (N.D. Ill. Nov. 30, 1992) (quoting *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985)). Motions for reconsideration "must be supported by a showing of extraordinary circumstances justifying relief from judgment." *Lindsey v. Ed Johnson Oldsmobile, Inc.*, 1996 WL 529417, at *1 (N.D. Ill. Sept. 13, 1996). In that regard, "a motion for reconsideration may not be employed as a vehicle to introduce new evidence that could have been produced prior to the entry of judgment." *Oak Brook Hotel Co.*, 1992 WL 368025, at *1.

### c. Legal Standard to Proceed Under Pseudonym

"The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Cook Cnty., Illinois*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021) (citations omitted). "Historically, courts have permitted plaintiffs to proceed pseudonymously in cases involving abortion, homosexuality, welfare assistance, child abuse, sensitive medical conditions, and certain religious observances, among others." *Id.* (collecting cases). While the Seventh Circuit has not established a specific test for determining whether to grant pseudonym status, "courts consider numerous non-exhaustive factors to determine whether a movant may proceed under a pseudonym, including:

> 1. Whether the movant or others might suffer retaliatory physical or mental harm by the opposing party;
>
> 2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;

3

3. Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public;

4. Whether the movant would suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified;

5. Whether denying the motion would increase the likelihood that similarly situated plaintiffs would be chilled from bringing similar claims;

6. Whether there is a risk of prejudice to the opposing party;

7. Whether there is evidence of ulterior motives of the movant;

8. Whether the movant's identity has been disclosed to the public or kept confidential;

9. Whether there are alternative mechanisms to protect the confidentiality of the movant;

10. Whether the opposing party is a governmental entity or a private individual;

11. Whether the movant is a minor, or was a minor at the time of the conduct at issue;

12. Whether the disclosure of the movant's name would uncover the movant's admissions of illegal conduct in violation of her Fifth Amendment right against self-incrimination; and

13. Whether the nature of the issues presented are purely legal in nature.

*Id.* at 784–85.

Here, Plaintiff has set forth sufficient facts which warrant anonymizing the filings.

IV.     **ARGUMENT**

     **a.  Plaintiff Has Demonstrated Good Cause to Seal the Record**

Plaintiff has demonstrated sufficient grounds to seal the entire record in this case for numerous reasons. First, as noted above, both parties are jointly moving to seal the record and have reached a confidential settlement in this matter. As such, the case is resolved in its entirety, and the parties will subsequently seek to dismiss this case with prejudice. There will be no further

litigation in this matter, so there will be no records that are hidden from the public that have not already been made visible. Accordingly, sealing the Court record does not disturb the preference for open judicial proceedings, as this case has been litigated to the fullest extent in the public domain.

Second, Plaintiff's privacy interests in this case predominate the presumption that judicial records be open to the public. Plaintiff's claims for relief by their very nature contain details of a highly sensitive and intimate nature—namely allegations of mental health, paranoia, and school safety. Plaintiff does not simply highlight that the disclosure of his name would result in public humiliation or embarrassment. Rather, Plaintiff highlights the extremely sensitive nature and privacy issues that could be associated with being wrongfully linked to allegations of safety concerns requiring behavioral intervention.

To that end, Plaintiff alleges that his federal constitutional rights were violated by Defendants—which Defendants dispute—when the University violated his freedom of speech as a result of the allegations. Surely this Court can take judicial notice of the sensitive topic of school safety, given the numerous tragedies and lives lost recently by violence within schools. The nature of mental health and safety concerns (all of which Plaintiff disputes in this case), and the allegations stemming therefrom, are such that Plaintiff will suffer extreme harm throughout his lifetime. Indeed, the Seventh Circuit has stated that where medical or mental health issues and records are such that they would be highly embarrassing and damaging to the average person, a sealing of the court record, either in whole or in part, may be warranted. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("Should 'John Doe' 's . . . records contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that

5

this material be placed under seal."). Additionally, it is in the interests of Defendants to have the record sealed in light of Plaintiff's allegations of improper conduct by the University and its officials.

Plaintiff is currently a law student at the University of Illinois, with a job offer from an AmLaw 100 law firm. If this law firm, or any firm to which Plaintiff may opt to apply to in the future, were to conduct a background check or internet search of Plaintiff's name, Plaintiff would immediately be connected to this lawsuit as well as the damaging statements that were made throughout the course of litigation. The allegations and statements would likely tarnish Plaintiff's professional reputation, and derail Plaintiff's legal future before it even begins. Given that Plaintiff disputes these assertions and the parties have reached a settlement, there can be no public interest in these filings. Accordingly, Plaintiff's privacy concerns outweigh the preference for open judicial proceedings in this case.

**b. Plaintiff's Motion to Proceed Under Pseudonym Should be Granted**

In the alternative of sealing the entire Court record, Plaintiff's Motion to Proceed Under Pseudonym should be granted, the Court should replace Plaintiff's legal name with "John Doe" on the docket, and Plaintiff should be permitted to file redacted exhibits in place of those that have been filed with personally identifying information. The settlement agreement between Plaintiff and Defendants, in which the parties have agreed to the instant Joint Motion, constitutes new information which was not available at the time of filing, and warrants reconsideration of Plaintiff's Motion to Proceed Under Pseudonym.

### i.      Plaintiff will Face Irreparable Harm Absent Anonymity

As Plaintiff stated in his original Motion to Proceed Under Pseudonym, Plaintiff faces immense reputational damage and irreparable harm to his future legal career if this Court denies Plaintiff pseudonym status.

As explained in Section IV.a, *supra*, the nature of this litigation, and the allegations contained therein, are of a highly personal and intimate nature. The allegations presented and the University charges brought against Plaintiff call Plaintiff's mental health into question. If these records remain public and available to be uncovered with a simple internet search of Plaintiff's name, it could complicate or harm Plaintiff's pursuit of employment opportunities or admission to any competitive educational program. Indeed, courts across the country have granted pseudonym status for litigation involving sensitive medical or other records. *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d at 872 (district court granted Plaintiff's motion to proceed under a pseudonym where the plaintiff "fear[ed] that the litigation might result in the disclosure of his psychiatric records."); *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting pseudonym status to plaintiff when the subject matter involved mental health); *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Harris*, 495 F.Supp. 1161 (S.D.N.Y.1980); *Doe v. Gallinot*, 486 F.Supp. 983 (C.D.Cal.1979); *Doe v. New York Univ*., 442 F.Supp. 522 (S.D.N.Y.1978); *Doe v. Standard Ins. Co.*, No. 1:15-CV-00105-GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015); *see also Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("Doe fears that if others, such as his friends and business associates, learn of [the case] he will be stigmatized in the community. Doe's fear is not unfounded. . . Moreover, in this case, there is a great risk that plaintiff will be stigmatized in his professional life."); *Roe v. United States*, 2020 WL 869153, at *2 (E.D. Cal. Feb. 20, 2020).

### ii.     Plaintiff Was Given Improper Legal Advice

Plaintiff's Motion to Proceed Under Pseudonym should also be granted because Plaintiff

was given improper legal advice from the beginning of this litigation. Plaintiff's former counsel,

who is now suspended from the Illinois bar,[1] chose to file exhibits without redactions, revealing

Plaintiff's identity even before Plaintiff's pseudonym status was denied. Defendants opposed the

initial motion largely based on the unredacted filings. *See* ECF 5. Accordingly, both parties

respectfully request in the absence of a sealing of the entire Court record, that Plaintiff's name be

replaced with "John Doe" and that the parties be permitted to re-file the exhibits identified by ECF

numbers 1-3, 1-6, 1-7, 5-1, 7-1, 7-2, 7-3, 7-4, 7-6, 9-1, and 13, which currently contain personally

identifying information.

### iii.     Plaintiff Was Not Given an Opportunity to Discontinue

Plaintiff Motion to Proceed Under Pseudonym should be granted because Plaintiff was not

given an opportunity to discontinue his lawsuit prior to the Court revising the docket with

Plaintiff's legal name. Given the potential harms resulting from disclosure as discussed above,

Plaintiff likely would have discontinued his lawsuit once he was denied pseudonym status.

However, this Court entered a text order denying Plaintiff pseudonym status and immediately

directed the clerk to revise the docket with Plaintiff's legal name for the public to see. Plaintiff

was not informed by his legal counsel prior to filing suit of the potential for immediate disclosure

of his name if his Motion to Proceed Under Pseudonym was denied. Accordingly, the docket

should be revised, and Plaintiff's legal name should be replaced with "John Doe."

---

[1] *See Illinois Supreme Court Disbars 3, Suspends 10 in Latest Disciplinary Filing,* Illinois State Bar Association, *available at* https://www.isba.org/barnews/2023/03/illinoissupremecourtdisbars3suspend. Plaintiff's former counsel should be removed from the docket as a counsel of record, as he is no longer eligible to practice law in this Court.

## V.  CONCLUSION

For the reasons stated above, the Court should seal the Court record for this matter in its entirety and replace Plaintiff's name with "John Doe." Alternatively, in light of the new information presented in this filing, the Court should reconsider its denial of Plaintiff's Motion to Proceed Under Pseudonym, permitting pseudonym treatment for "John Doe," and allowing Plaintiff to file redacted exhibits.

**Dated:** **New York, New York**
**April 19, 2023**

**NESENOFF & MILTENBERG, LLP**

By: /s/ Andrew T. Miltenberg
    Andrew T. Miltenberg, Esq.
    Kristen Mohr, Esq.
    363 Seventh Avenue, Fifth Floor
    New York, New York 10001
    T. (212) 736-4500
    amiltenberg@nmllplaw.com
    kmohr@nmllplaw.com

9