## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JOHN DOE,

Plaintiff,

against

VIKRAM D. AMAR, in his official capacity as Dean of the University of Illinois College of Law; VIRGINIA M. VERMILLION, in her official capacity as Assistant Dean of Academic Affairs and Dean of Students at the College of Law; VERITY WINSHIP, in her official capacity as Associate Dean of Academic Affairs at the College of Law; SUSAN LANDRUM, in her individual capacity and her official capacity as Dean of Students at the College of Law; JUSTIN BROWN, KATHERINE SNYDER, ROBERT WILCZYNSKI, all in their individual capacities and all in their official capacities as members of the Behavioral Intervention Team at the University of Illinois, BEHAVIORAL INTERVENTION TEAM MEMBERS, all in their official and individual capacities at the University of Illinois; TIMOTHY L. KILLEEN, in his individual capacity and his official capacity as President of the University of Illinois; ROBERT J. JONES, in his individual capacity and his official capacity as Chancellor of the University of Illinois at Urbana-Champaign and Vice President of the University of Illinois System; DANITA M. BROWN YOUNG, in her individual capacity and her official capacity as Vice Chancellor for Student Affairs; UNIVERSITY OF ILLINOIS BOARD OF TRUSTEES MEMBERS, all in their individual and official capacities,

Defendants.

Case No.: 22-cv-2252-SEM-EIL
Hon. Sue E. Myerscough

**PLAINTIFF'S OPPOSITION TO EUGENE VOLOKH'S MOTION TO INTERVENE**

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiffs*

Andrew T. Miltenberg, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
T. (212) 736-4500
amiltenberg@nmllplaw.com
kmohr@nmllplaw.com

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  RELEVANT PROCEDURAL HISTORY ........................................................................ 2

III. LEGAL STANDARDS ...................................................................................................... 3

   A.  Intervention as of Right ................................................................................................ 3

   B.  Permissive Intervention ................................................................................................ 3

   C.  Article III Standing ....................................................................................................... 4

IV.  ARGUMENT ..................................................................................................................... 6

   A.  Volokh Lacks Article III Standing................................................................................ 6

     i.   Volokh Has Not Suffered an Injury-in-Fact.............................................................. 6

     ii.  Volokh Fails to Show Causation and Redressability ................................................ 8

   B.  Volokh Fails to Prove Entitlement to Intervene Under Rule 24.................................... 9

     i.   Volokh Has No Interest in this Litigation ................................................................. 9

     ii.  Volokh's Motion is Untimely ................................................................................. 10

     iii. Intervention Would Unduly Delay and Prejudice the Adjudication of the Original Parties' Rights............................................................................................................... 11

   C.  This Court's Decision to Seal and Permit Pseudonym Status Was Proper, and Volokh's Motion to Unseal and Revoke Pseudonym is Moot and Frivolous ......................................... 12

V.   CONCLUSION................................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**

*Bond v. Utreras*,
  585 F.3d 1061 (7th Cir. 2009) ............................................................. 5, 6

*Clapper v. Amnesty Int'l, USA*,
  568 U.S. 398 (2013) ............................................................................ 5

*Cook County, Illinois v. Mayorkas*,
  340 F.R.D. 35 (N.D. Ill. 2021) ........................................................... 11

*Doe v. Blue Cross & Blue Shield United of Wisconsin*,
  112 F.3d 869 (7th Cir. 1997) .............................................................. 13

*Flying J, Inc. v. Van Hollen*,
  578 F.3d 569 (7th Cir. 2009) ............................................................ 3, 5

*Griffith v. University Hospital, L.L.C.*,
  249 F.3d 658 (7th Cir. 2001) .............................................................. 11

*Heartwood, Inc. v. U.S. Forest Service, Inc.*,
  316 F.3d 694 (7th Cir. 2003) ................................................... 3, 4, 9, 10

*Jessup v. Luther*,
  227 F.3d 993 (7th Cir. 2000) ............................................................ 4, 9

*Philips Med. Sys. (Cleveland), Inc. v. Buan*,
  19-CV-2648, 2022 WL 16635551 (N.D. Ill. Nov. 2, 2022) ...................... 4

*Schultz v. Connery*,
  863 F.2d 551 (7th Cir. 1988) .............................................................. 12

*Shea v. Angulo*,
  19 F.3d 343 (7th Cir. 1994) ................................................................. 4

*Sokaogon Chippewa Community v. Babbitt*,
  214 F.3d 941 (7th Cir. 2000) ..................................................... 3, 4, 11

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ..................................................................... 4, 5, 8

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1998) ............................................................................. 8

ii

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) .................................................................. 5, 8

*United States v. 36.96 Acres of land*,
  754 F.2d 855 (7th Cir. 1985) ............................................................ 5

*United States v. Courtright*,
  2020 WL 774391 (S.D. Ill. Feb. 18, 2020) ........................................ 13

*United States v. Richardson*,
  418 U.S. 166 (1974) ......................................................................... 9

## Rules

Fed. R. Civ. P. 24 ....................................................................... passim
Fed. R. Civ. P. 24(a) ...................................................................... 3, 9
Fed. R. Civ. P. 24(a)(2) ...................................................................... 9
Fed. R. Civ. P 24(b) ...................................................................... 3, 5, 9
Fed. R. Civ. P. 24(b)(3) .................................................................. 4, 11

## I.  INTRODUCTION

Plaintiff John Doe hereby opposes non-party Eugene Volokh's motion to intervene in this case and to unseal the record and revoke Plaintiff's pseudonym status (hereinafter, "Volokh Mot."). At the outset, Volokh appears to *presume* his entitlement to intervention, offering just a few sentences about Rule 24 being the right procedural mechanism here, with the remaining eleven pages of his brief devoted to his motion to unseal. This is improper. Volokh must first prove his entitlement to intervention, and only after meeting this threshold would it be appropriate for the Court to consider the merits of his motion to unseal. For the reasons set forth below, Volokh fails to establish a basis to intervene.

***First***, Volokh lacks standing under Article III of the U.S. Constitution. ***Second***, Volokh fails to assert a proper basis to intervene under Federal Rule of Civil Procedure 24. ***Third***, Volokh's purported assertions of harm are demonstrably untrue, as proven by his own admissions and publications. ***Fourth***, permitting Volokh to intervene would cause substantial prejudice to Plaintiff, while providing no reciprocal benefit to Volokh. ***Fifth***, the motion is untimely. Volokh's motion to intervene should be denied.

Moreover, even if this Court were to overlook Volokh's failure to make a viable argument for intervention and skip to the merits of the secondary motion, Volokh's motion to unseal and revoke Plaintiff's pseudonym status still fails, as it is both frivolous and moot. Volokh already has access to the very documents he complains about having been sealed and is well aware of Plaintiff's true identity. Thus, there is no purpose to be served by unsealing or revoking Plaintiff's pseudonym, other than to exacerbate the harm resulting from the improper conduct of his prior counsel, who is now suspended from practice. Volokh's motion should be denied in its entirety.

## II. **RELEVANT PROCEDURAL HISTORY**

On November 18, 2022, Plaintiff filed his Complaint as "John Doe", along with a request to proceed by pseudonym. (ECF No. 1). On December 9, 2022, Plaintiff filed an interlocutory appeal to the Seventh Circuit, challenging this Court's denial of pseudonym status and denial of his motion for a preliminary injunction. (7th Cir. Dkt. 22-3211, Entry No. 1). According to Volokh, it was around this time that he began following this case. (Volokh Mot. 2).

On December 14, 2022, Plaintiff filed a motion with the Seventh Circuit seeking leave to proceed by pseudonym. (7th Cir. Dkt. 22-3211, Entry No. 14). Volokh made no attempt to intervene, but instead, admittedly decided to wait and see what happened with the appeal. (Volokh Mot. 2). In January 2023, the Seventh Circuit referred the case to mediation, and the parties ultimately settled in April 2023. (7th Cir. Dkt. 22-3211, Entry Nos. 18, 27). On April 19, 2023, the parties submitted a Joint Motion with this Court to seal the record and revert Plaintiff's name back to "John Doe." Volokh again did not seek to intervene, but admittedly accessed said motion and wrote about it on his blog, quoting extensively from the motion papers. (Volokh Mot. 2).

On April 28, 2023, this Court properly sealed the entire record and ordered Plaintiff's name to be reverted to "John Doe." On May 1, 2023, Plaintiff submitted to the Clerk of the Court a notice of dismissal, dismissing the lawsuit in its entirety, with prejudice, under Rule 41. On May 4, 2023—approximately *five months* after Plaintiff filed his original motions for pseudonym and sealing in this Court and the Seventh Circuit—Volokh filed papers with Clerk seeking to intervene in this case to unseal the records and revoke Plaintiff's pseudonym. Defendants filed papers with the Clerk on May 5, 2023, stating that "Defendants take no position on any of [Volokh's] motions." Plaintiff now respectfully submits this opposition to Volokh's motion to intervene.

### III. LEGAL STANDARDS

#### A. Intervention as of Right

Under Federal Rule of Civil Procedure 24, a non-party only has a right to intervene upon a "timely motion" asserting either an "unconditional right to intervene by federal statute" or a concrete interest in the outcome of the proceedings, which cannot otherwise be adequately protected by the parties. Fed. R. Civ. P. 24(a). "Intervention as of right will not be allowed unless all requirements of the Rule are met." *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000). The Seventh Circuit has held that four elements must be met before a party can intervene as a matter of right:

> (1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) existing parties must not be adequate representatives of the applicant's interest.

*Heartwood, Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 700 (7th Cir. 2003) (internal quotations and citation omitted).

"[A]t some fundamental level the proposed intervenor must have a stake in the litigation." *Ibid.* Further, the "impair" or "impede" requirement usually means that a party must have no other options to protect the interest. *See, e.g., Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 572–73 (7th Cir. 2009).

#### B. Permissive Intervention

When a proposed intervenor cannot meet the standards for intervention as of right, they may apply to the court for permissive intervention under Rule 24(b): "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law

or fact." Additionally, in considering permissive intervention, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

"Determining whether an application to intervene is timely is committed to the sound discretion of the district court." *Shea v. Angulo*, 19 F.3d 343, 349 (7th Cir. 1994); *Babbitt*, 214 F.3d at 945 ("[W]e review a district court's decision that a motion to intervene was untimely only for abuse of discretion."). "The relevant inquiry in determining timeliness . . . is on the time between the [intervenor's] knowledge that the suit could impact their interests and the motion to intervene." *Heartwood, Inc.*, 316 F.3d at 701. "A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." *Id.*; *see also Shea*, 19 F.3d at 349.

While the Seventh Circuit has determined that Rule 24(b) is generally "the logical and appropriate *vehicle* by which the public and the press may challenge a closure order", *Jessup v. Luther,* 227 F.3d 993, 997 (7th Cir. 2000) (emphasis added), the proposed intervenor still "bears the burden of establishing the requisite elements for permissive intervention." *Philips Med. Sys. (Cleveland), Inc. v. Buan*, 19-CV-2648, 2022 WL 16635551, at *3 (N.D. Ill. Nov. 2, 2022) (denying intervention).

### C. Article III Standing

Article III of the U.S. Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies." U.S. Const. art. III. Accordingly, a party is not entitled to invoke the jurisdiction of the federal courts—rather, they must first establish that they have standing to do so. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("The [standing] doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."). "To establish

Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 409 (2013) (internal quotations and citation omitted); *Spokeo, Inc.*, 578 U.S. at 338 (standing requires that a person "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision"). In this regard, there is no such thing as an injury as a matter of law. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (holding that Congress could not waive Article III standing by statute). "[U]nder Article III, an injury in law is not an injury in fact." *Id.*

In the context of intervention, the proposed intervenor must meet the standards of *both* Article III and Rule 24. *See, e.g., Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009).

> No one can maintain an action in a federal court, including an appeal, unless he has standing to sue, in the sense required by Article III of the Constitution—that is, unless he can show injury (in a special sense, noted below) and that he would benefit from a decision in his favor. But the interest required by Article III is not enough by itself to allow a person to intervene in a federal suit and thus become a party to it. There must be more.

*Id.*; *see also United States v. 36.96 Acres of land*, 754 F.2d 855, 859 (7th Cir. 1985) (requiring both Article III standing and satisfaction of Rule 24 requirements for intervention).

Under binding Seventh Circuit precedent,

> [W]hen a third party seeks intervention under Rule 24(b) for the purpose of challenging a protective order in a case or controversy that is no longer live—as when the case has been dismissed and none of the original parties has sought this relief postjudgment—**the intervenor *must* meet the standing requirements of Article III in addition to Rule 24(b)'s requirements for permissive intervention**.

*Bond v. Utreras*, 585 F.3d 1061, 1072 (7th Cir. 2009) (emphasis added).

## IV. <u>ARGUMENT</u>

Volokh's motion to intervene should be denied. Volokh fails to—indeed, he cannot possibly—establish standing under Article III, and he fails to meet the standards for intervention under Rule 24. Moreover, Volokh's secondary motion to seal and revoke pseudonym is moot and frivolous.

### A. Volokh Lacks Article III Standing

Because Volokh's motion to intervene was filed after this case was dismissed, Seventh Circuit precedent mandates that he establish Article III standing in addition to meeting the requirements of Rule 24. *Bond,* 585 F.3d at 1072 He fails to do so here.

### i. Volokh Has Not Suffered an Injury-in-Fact

Volokh's only asserted interest in this case is his purported right to access various Court records or documents. (Volokh Mot. 2) (asserting that he has a "right to intervene to assert his First Amendment and common-law rights of access to the sealed records"). But as Volokh's own publications and declaration to this Court establish, he already has access to the records he complains about in his papers. For example, Volokh discusses the general presumption of public access to "significant motions," including preliminary injunctions (Volokh Mot. 4-5). But Volokh admittedly accessed, analyzed, and republished portions of the preliminary injunction motions and decision in his April 19, 2023, blog post. *See* Eugene Volokh, *No First Amendment Violation in Requiring Law Student to Meet with "Behavior Intervention Team" Related to …*, Reason (April 19, 2023, 2:35 PM), https://reason.com/volokh/2023/04/19/no-first-amendment-violation-in-requiring-law-student-to-meet-with-behavior-intervention-team-related-to/.

Likewise, Volokh asserts that he "cannot fully understand or explain the arguments" pertaining to sealing and pseudonym "without access to the filings in this case" (Volokh Mot. 2).

But again, he admittedly accessed, analyzed, and republished portions of that very motion in his April 20, 2023, blog post. *See* Eugene Volokh, *Professional Duty to Warn Clients About Risk of Reputational Harm from Filing Lawsuit?*, (April 20, 2023, 3:52 PM), https://reason.com/volokh/2023/04/20/professional-duty-to-warn-clients-about-risk-of-reputational-harm-from-filing-lawsuit/.

Volokh makes additional arguments about the need to access pleadings, decisions, and docket information (Volokh Mot. 4—6). But Volokh already has access to all of that as well via the Seventh Circuit's public records. *See* 7th Cir. Dkt. 22-3211, Nos. 6, 7, 8 (appendixes comprising entire District Court record). Indeed, Volokh republished portions of the underlying exhibits on his own blog. *See Professional Duty to Warn Clients About Risk of Reputational Harm from Filing Lawsuit?*, *supra* (publishing and quoting from text messages and other evidence submitted by the law school). There are also other public websites where this information is and was available, including the docket, some of which Volokh himself links to in his posts. *See, e.g.*, Court Listener, https://www.courtlistener.com (last visited May 6, 2023); Justia, https://www.justia.com (last visited May 6, 2023). Finally, Volokh claims that the right to public access includes the names of the parties (Volokh Mot. 6-9). But Volokh admitted that he knows Plaintiff's name because he published Plaintiff's name on his blog. (Volokh Mot., App.-1, undated declaration of Eugene Volokh ¶ 6).[1]

Moreover, the fact that this Court sealed and anonymized records, but the Seventh Circuit did not (Volokh Mot. 12-13), makes no difference for Article III purposes. If anything, Volokh's

---

[1] Indeed, one commenter to Volokh's blog pointed out his seemingly unnecessarily harmful decision to name the Plaintiff in an article devoted to discussing the harms caused by that very disclosure. *See* comment by user "Bubba Jones" on https://reason.com/volokh/2023/04/20/professional-duty-to-warn-clients-about-risk-of-reputational-harm-from-filing-lawsuit/?comments=true#comments.

argument about the Seventh Circuit's decision only *undercuts* his claim for standing. Access is access. Volokh already has it, and he cannot say anything to the contrary.

Volokh's only remaining argument is his personal disagreement with the notion of retroactive sealing and anonymity. (Volokh's Mot. 12-13).[2] However, Volokh's mere disagreement with the Court's decision on the parties' Joint Motion is insufficient to establish an injury under Article III. *See TransUnion LLC*, 141 S. Ct. at 2205 ("[U]nder Article III, an injury in law is not an injury in fact."). Thus, Volokh cannot possibly assert an injury-in-fact resulting from this Court's order sealing the records and reinstating pseudonym status, because Volokh not only had and continues to have access to the very documents and information he complains about in his motion, but he has already written about them *and* republished them in his own publications. Without any deprivation of access, Volokh has no injury and no standing. *Spokeo, Inc.*, 578 U.S. at 339-40 (a person must have suffered a "concrete and particularized" injury that is "actual or imminent, not conjectural or hypothetical"; "[f]or an injury to be particularized, it must affect the plaintiff in a personal and individual way" and for an injury to be concrete, "it must actually exist.").

### ii. Volokh Fails to Show Causation and Redressability

Because Volokh fails to establish any injury, Volokh likewise fails to establish causation and redressability. Redressability requires at least "a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998) (holding that the party failed under redressability). Volokh already has access to the records, so this Court cannot redress his problem—his problem does not exist. And, given that Volokh already

---

[2] Notably, while Volokh claims in his motion papers that retroactive sealing is uniformly "impermissible" and "unavailable", he acknowledges that this is untrue in his own blog post. *See Professional Duty to Warn Clients About Risk of Reputational Harm from Filing Lawsuit?*, *supra* ("Litigants and their lawyers often seek to retroactively seal or pseudonymize cases. Courts sometimes allow this, . . . .").

has access to the relevant filings and information, he could only conceivably complain about not having access in a particular format, such as via *this* Court's official electronic database. But, as Volokh admits in his papers, he is not entitled to access in a particular form or through a particular medium. *See* Volokh's Mot. at 11–12 (acknowledging that records can be redacted). Volokh may philosophically disagree with anonymization and sealing in federal courts, but that type of disagreement is insufficient for standing. *See, e.g.*, *United States v. Richardson*, 418 U.S. 166, 175 (1974) (rejecting attempt to turn federal courts into a forum to assert "generalized grievances" about government activity).

### B. Volokh Fails to Prove Entitlement to Intervene Under Rule 24

### i. Volokh Has No Interest in this Litigation

In addition to Volokh's failure to establish Article III standing—which, standing alone, is fatal to his motion—this Court should also deny Volokh's motion because, as shown above, he has not established any interest impaired by the Court's decision to seal and anonymize. *See* Fed. R. Civ. P. 24(a)(2) (the party must be "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"); *Heartwood, Inc.*, 316 F.3d at 700 (recognizing the "impair" and "impede" requirement); *see also Jessup*, 227 F.3d at 995 (non-party newspaper cannot meet individual interest requirement under Rule 24(a), because "rights of access to judicial records and proceedings, as well as the conduct of the public entity and public officials," are "general" and apply to "any case filed in this Court.").

As it relates to permissive intervention under Rule 24(b), the Seventh Circuit has explained that the First Amendment right of access to judicial proceedings applies "where the disclosure . . . would serve a significant role in the functioning of the process in question." *Jessup*, 227 F.3d at 997. In this case, there is no purpose whatsoever to be served from unsealing the docket and

revoking Plaintiff's pseudonym, let alone a "significant role in the functioning of the process"; Volokh already has the access he purports to seek, and the "process" has already concluded by virtue of the parties' settlement and notice of dismissal. Volokh himself has published his own analysis of the "process" in multiple blog posts. There is no free-standing, unqualified right for any non-party to demand unfettered access to the entirety of a district court's docket, and Volokh cannot argue to the contrary.

### ii. Volokh's Motion is Untimely

Volokh's motion is also untimely under Rule 24, at least with respect to Plaintiff's pseudonym status.

> The relevant inquiry in determining timeliness, . . . is not [based] on the time between the settlement and the motion to intervene, but instead is on the time between the [proposed intervenor]'s knowledge that the suit could impact their interests and the motion to intervene. Prompt filing of a motion to intervene after the settlement does not indicate timeliness, particularly where there is evidence that the intervenor should have known the suit could impact its interests for some time prior to that settlement.

*Heartwood, Inc.*, 316 F.3d at 700–01. As Volokh admits, he learned about this case in December 2022. (Volokh Decl. ¶ 2) ("I have been tracking this case since Dec. 2022, when I found the Dec. 5 opinion in a Westlaw search and was particularly interested by the First Amendment decision in the case."). Yet, Volokh made no effort to intervene when Plaintiff filed his motion for pseudonym in the Seventh Circuit in December 2022, and he again made no attempt to intervene when the parties submitted their Joint Motion to seal and reinstate pseudonym on April 19, 2023, nearly five months later. Instead, Volokh decided to post on his blog about it. He even admitted to this Court that he deliberately chose to "wait and see" rather than to intervene. (Volokh Decl. ¶ 3).

We consider the following factors to determine whether a motion is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances.

*Babbitt*, 214 F.3d at 949.

Here, Volokh admittedly knew, for months, that the issue of Plaintiff's pseudonym status was being litigated. Yet, he waited until *after* the motions were resolved and *after* settlement and dismissal, to try to force the parties to expend additional time and resources addressing an already-resolved issue that he himself decided to stay out of while it was live. Further, Volokh's efforts to unseal the docket and revoke Plaintiff's pseudonym status would materially prejudice Plaintiff, as Defendants' agreement to participate in the Joint Motion to seal and reinstate pseudonym was a key motivation for settlement. *See Griffith v. University Hospital, L.L.C.*, 249 F.3d 658 (7th Cir. 2001) (intervention would have impermissibly prejudiced plaintiffs where settlement agreement included terms of confidentiality order). Conversely, Volokh suffers no prejudice from being denied an intervention, because he has no injury and no interest in this litigation whatsoever.

Volokh's motion to unseal and revoke Plaintiff's pseudonym status should fail, as he had ample time and multiple opportunities to address the issue in a timely fashion, yet knowingly and deliberately chose not to. His motion is untimely. *See, e.g.*, *Cook County, Illinois v. Mayorkas*, 340 F.R.D. 35, 44 (N.D. Ill. 2021) (intervention was untimely when the party should have known their interests could be impacted from the outset of the litigation).

### iii. Intervention Would Unduly Delay and Prejudice the Adjudication of the Original Parties' Rights

Consistent with Rule 24(b)(3), the Court must also consider the "prejudice to the initial party" by allowing an untimely motion to intervene. *See Schultz v. Connery*, 863 F.2d 551, 553

(7th Cir. 1988) (citation omitted). Here, as discussed above, Plaintiff will suffer multiple harms if the Court grants the motion.

First, Plaintiff went through an exhaustive six-month litigation process against his law school while attending classes and taking final exams. The parties finally reached a settlement agreement and sought to end the litigation by agreeing jointly to seek anonymization and sealing. Volokh now tries to intervene *after* the parties have concluded settlement negotiations and Plaintiff has dismissed the lawsuit with prejudice. Allowing intervention at this late stage would harm Plaintiff because it would strip Plaintiff of the ability to factor the intervention into settlement negotiations. Plaintiff may have changed his strategy and the agreement during negotiations if he knew that Volokh would try and intervene to prevent anonymization and sealing.

Second, it would be unfair to force Plaintiff to continue litigating this matter and pay attorney's fees after he has moved to dismiss. Both parties presumed that the litigation would end with the motions to dismiss at the district court and Seventh Circuit. Volokh's filings open the door for additional motions, hearings, or appeals, which would be costly to Plaintiff. Given that Volokh could have intervened any time after December 2022, the Court has no reason to allow intervention in May 2023.

### C. This Court's Decision to Seal and Permit Pseudonym Status Was Proper, and Volokh's Motion to Unseal and Revoke Pseudonym is Moot and Frivolous

As set forth above, non-party Volokh fails to establish standing under Article III and fails to establish any grounds to intervene under Rule 24, proving fatal to his motion to intervene. Accordingly, this Court need not reach the merits of the secondary motion to unseal and revoke pseudonym. However, even if this Court did decide to address the merits of Volokh's unsealing claims (which it should not), Volokh's motion should be denied as groundless and moot.

This Court was correct and well within its discretion to grant the Joint Motion for anonymization and sealing. The Seventh Circuit has been clear that sealing may be appropriate in certain circumstances: "The public's interest in litigation can be overridden if a party demonstrates good cause for sealing the record or a part thereof." *United States v. Courtright*, 2020 WL 774391, at \*2 (S.D. Ill. Feb. 18, 2020); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("Should 'John Doe' 's . . . records contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal."). Ultimately, whether good cause exists to seal records is a decision for the district court to make. *Courtright*, 2020 WL 774391, at \* ("[T]he decision of whether good cause exists to file a document under seal rests solely with the Court.").

Volokh's disagreements and citations to cases in other circuits do not change that reality. Volokh's citation to the Seventh Circuit's order on the parties' Joint Motion on appeal also does nothing. The Seventh Circuit's order only applied to the appeal. Nothing in the Seventh Circuit's order had any bearing on this Court's opinion, and the Seventh Circuit only said that sealing entire *appeals* is inappropriate. The Seventh Circuit did not say anything about whether certain records could have been sealed here or in the Seventh Circuit. Thus, Volokh's argument about unsealing and revoking Plaintiff's pseudonym status has no merit. Moreover, given that the revelation of Plaintiff's true name was the result of his prior, now-suspended counsel's improper conduct, unknown to Plaintiff until it was too late, (a point that Volokh himself recognizes in his April 20, 2023, blog post), it was well within this Court's discretion to ameliorate at least some of that harm by permitting Plaintiff to utilize a pseudonym in this docket. Indeed, Volokh's posts show the harm

that Plaintiff is potentially facing based on unsubstantiated statements and claims by the University.

Most importantly, Volokh's motion to unseal and revoke pseudonym is moot and frivolous. As discussed at length already, Volokh has access to all of the documents and information he seeks through this motion. The motion serves no legitimate purpose. At the very least, if this Court is in any way inclined to grant some aspect of Volokh's motion to unseal (which it shouldn't), Plaintiff respectfully requests an opportunity for briefing and/or a hearing to address the propriety of unsealing specific documents and the application of redactions to preserve Plaintiff's pseudonym status. By way of example, Plaintiff would ask to file redacted copies of all exhibits containing identifying information, including ECF Nos. 1-3, 1-6, 1-7, 5-1, 7-1, 7-2, 7-3, 7-4, 7-6, 9-1, and 13.

## V. **CONCLUSION**

This Court should deny Volokh's motion in its entirety. Volokh lacks standing under Article III, fails to meet the requirements for intervention under Rule 24, and cannot (truthfully) articulate any concrete interest nor injury resulting from this Court's order granting Plaintiff pseudonym status and sealing the record. Volokh's motion to intervene is fatally flawed on numerous grounds and the Court need not reach the merits of his secondary motion at all. In the event this Court may be inclined to permit intervention and address Volokh's secondary motion, Plaintiff respectfully submits such motion should be denied as baseless and moot.

Dated: May 12, 2023

Respectfully Submitted,

**NESENOFF & MILTENBERG, LLP**
*Attorneys for Plaintiffs*

By: /s/ *Andrew T. Miltenberg*

Andrew T. Miltenberg, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
T. (212) 736-4500
amiltenberg@nmllplaw.com
kmohr@nmllplaw.com

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume word limit of Central District of Illinois Local Rule 7.1(B)(4)(b) because this document is 15 pages and contains 4,393 words. I relied on my word processor, Microsoft Word (version 16.71), to obtain the count.

2.      This document complies with the typeface requirements of Central District of Illinois Local Rule 5.1 because this document is written in Times New Roman in 12-point font.

__/s *Andrew Miltenberg*___
Andrew Miltenberg, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2023, I filed this opposition brief by email to the Clerk of the Court, with counsel for all parties and non-party Volokh cc'd.

   /s *Andrew Miltenberg*

Andrew Miltenberg, Esq.