### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 22-cv-2252** |
| | ) | |
| **VIKRAM AMAR, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>OPINION AND ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on movant Eugene Volokh's Motion to Intervene, to Unseal Record, and to Depseudonymize Case.  <u>See</u> Volokh Mot., d/e 34.  Plaintiff John Doe opposes Professor Volokh's requests.  <u>See</u> Pl.'s Resp., d/e 36. Defendants "take no position on any of these motions."  <u>See</u> Defs.' Resp., d/e 35.  For the reasons that follow, Professor Volokh's motion is GRANTED IN PART and DENIED IN PART.

### I.  BACKGROUND

The facts and allegations are recounted in some detail in the Court's earlier order, <u>see</u> Order, d/e 11, and so that accounting is incorporated here by reference.  In brief, this case arises out of Mr.

Doe's tenure as a student at the University of Illinois College of Law.  On November 18, 2022, Mr. Doe filed this suit pursuant to 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972.  The Complaint alleged that Defendants—all officials, employees, and trustees of the University of Illinois—violated Mr. Doe's First, Fifth, and Fourteenth Amendment rights.  According to Mr. Doe, Defendants did so by compelling him to meet with the University's Behavioral Intervention Team (BIT), retaliating against him for exercising his right of free speech, and subjecting him to an unconstitutionally vague code of conduct.  See generally Compl., d/e 1, at 12–22.  Mr. Doe concurrently moved for a preliminary injunction and temporary restraining order.  See Pl.'s Mot., d/e 2.

On November 22, the Court denied Mr. Doe's motion for a temporary restraining order.  See Text Order dated November 22, 2022.  The next day, Mr. Doe supplemented his Motion for Preliminary Injunction and Temporary Restraining Order.  See Pl.'s Supp. Mot., d/e 5.  On December 1, the Court heard argument on Mr. Doe's preliminary-injunction motion and took it under advisement.  See Minute Entry dated December 1, 2022.  The

Court also considered and denied Mr. Doe's motion for leave to proceed under a pseudonym and to seal the record.  Id.

On December 5, this Court denied Mr. Doe's motion for a preliminary injunction in a written order.  Order, d/e 11.  Noting that "the possibility of a sanction is not the same as its guarantee," the Court found that Mr. Doe's allegations of irreparable harm were too speculative to justify preliminary injunctive relief.  Id. at 12.  Mr. Doe then moved for reconsideration of several of the Court's orders, including the Court's decision to deny Mr. Doe the ability to litigate under a pseudonym.  Pl.'s Mot. Recons., d/e 13. The Court denied that motion, too.  Text Order dated December 6, 2022.  The Court found that "none of the reasons for sealing the record or proceeding pseudonymously were present in this case," and that in any event Mr. Doe "had waived the request to keep [his identity] sealed because he . . . referred to himself" in his pleadings and exhibits.  Id. (cleaned up).

On December 7, Mr. Doe filed a notice of interlocutory appeal as to the Court's order on his motion for injunctive relief.  See Pl.'s Not., d/e 15.  While that appeal was pending, the Illinois Supreme Court imposed a one-year suspension on Mr. Doe's attorney,

Justin K. Schwartz, for neglecting client matters and keeping unearned fees.  In re Justin Koslan Schwartz, No. M.R.031589 (Ill. Mar. 21, 2023).  Mr. Doe then retained new counsel.  In March 2023, the parties "engaged in mediation . . . [and] reached a settlement agreement and mutual release of claims."  Pl.'s Mem., d/e 32, at 2.

On April 19, the parties jointly moved to "seal the Court record for this matter in its entirety and replace Plaintiff's name with 'John Doe.'"  Id. at 9.  In the alternative, the parties asked that the Court "reconsider its denial of Plaintiff's Motion to Proceed Under Pseudonym, permitting pseudonym treatment for 'John Doe,' and allowing Plaintiff to file redacted exhibits."  Id.  The Court granted the former request in a text order dated April 28, 2023.  As a result, the docket is now wholly sealed, and the caption renders Plaintiff's name as "John Doe."

On May 2, the parties made a similar request of the Seventh Circuit.  See Appellant's Mot. Seal, ECF No. 25, Doe v. Amar, et al., No. 22-3211 (7th Cir. May 2, 2023).  The Seventh Circuit denied their motion the next day.  Order, Doe v. Amar, et al., No. 22-3211 (7th Cir. May 3, 2023).  That court's two-sentence order read as

follows: "Retroactive anonymity is an oxymoron and it is never appropriate to seal entire appeals.  The Supreme Court held in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), that settlement does not justify vacatur."  Id.

Movant Eugene Volokh now seeks to intervene, to unseal the record, and to amend the caption to reflect Mr. Doe's true name.

## II. MOTION TO INTERVENE

The Court first considers whether Movant Eugene Volokh may intervene.  Professor Volokh is the Gary T. Schwartz Professor of Law at the University of California, Los Angeles School of Law, and a noted First Amendment scholar and legal commentator.  E. Volokh Decl., d/e 34, at ¶ 1.  Professor Volokh has authored several blog posts about this case and this Court's orders.[1]  He

---

[1] Eugene Volokh, Professional Duty to Warn Clients About Risk of Reputational Harm from Filing Lawsuit?, Volokh Conspiracy (Apr. 20, 2023, 3:52 PM), https://reason.com/volokh/2023/04/20/professional-duty-to-warn-clients-about-risk-of-reputational-harm-from-filing-lawsuit/; Eugene Volokh, No First Amendment Violation in Requiring Law Student to Meet with "Behavior Intervention Team" Related to . . ., Volokh Conspiracy (Apr. 19, 2023, 2:35 PM), https://reason.com/volokh/2023/04/19/no-first-amendment-violation-in-requiring-law-student-to-meet-with-behavior-intervention-team-related-to/.

now moves to intervene "to assert his First Amendment and common-law rights of access to the sealed records" here.  Volokh Mot., d/e 34, at 2.  The Court will grant that request.

The First Amendment affords the public a largely unqualified right to access court proceedings and records.  Press-Enter. Co. v. Superior Court, 464 U.S. 501, 513 (1984) ("Press-Enterprise I") (recognizing First Amendment right of access to voir dire and related transcripts in criminal case);  Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978) (recognizing common-law right of access); Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 895, 897–98 (7th Cir. 1994) (recognizing First Amendment and common-law right of access to court records in civil case), superseded on other grounds as recognized by Bond v. Utreras, 585 F.3d 1061, 1068 n.4 (7th Cir. 2009).  "The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties."  Goesel v. Boley Int'l (H.K.) Ltd., 738

F.3d 831, 833 (7th Cir. 2013) (Posner, J., in chambers) (citations omitted).

Professor Volokh contends that his interest in enforcing the public's right of access warrants his intervention. That argument rests on well-settled ground. This Court has broad discretion to grant an interested party leave to intervene. See generally Fed. R. Civ. P. 24. Courts within our Circuit regularly grant motions to intervene—whether as of right, see Fed. R. Civ. P. 24(a), or with permission, see Fed. R. Civ. P. 24(b)— when sought by members of the media on First Amendment right-of-access grounds. E.g., Jessup v. Luther, 277 F.3d 926, 926–28 (7th Cir. 2000) ("Jessup II") (collecting cases). And "every court of appeals" to consider the issue under similar circumstances "has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders." Jessup v. Luther, 227 F.3d 993, 997 (7th Cir. 2000) ("Jessup I") (citation omitted).

Mr. Doe nonetheless opposes Professor Volokh's request. Pl.'s Resp., d/e 37. He argues that Professor Volokh lacks Article

III standing to intervene, id. at 6–8, has no genuine interest to vindicate, id. at 9–10, and moved with undue delay, id. at 10–11.

The Court disagrees.  Professor Volokh's stated interest in this case—his right of access as a member of both "the press and the general public"—is "well-established."  Grove Fresh, 24 F.3d at 897 (citations omitted).  That interest confers Professor Volokh "standing to challenge" the sealing order entered here "for abuse or impropriety."  Id. at 898.  And courts routinely find motions to intervene to be timely "even where a non-party intervenes years after the litigation concluded to challenge a protective order."  Mendez v. City of Gardena, 222 F. Supp. 3d 782, 790 (C.D. Cal. 2015) (citing Blum v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1353 (9th Cir. 2013)).

For these reasons, Professor Volokh's motion to intervene is granted.

### III. MOTIONS TO UNSEAL AND DEPSEUDONYMIZE

The Court next addresses Professor Volokh's motions to unseal the docket and to substitute Plaintiff's true name for "John Doe."

## A. Movant Volokh's Motion to Depseudonymize is Granted.

Professor Volokh first moves the Court to reverse its grant of pseudonymity to Mr. Doe.

Nearly every extant authority cautions against pseudonymous litigation. "Lawsuits are public events," and "[t]he risk that a [party] may suffer some embarrassment is not enough" to justify anonymity. M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (quotation marks omitted). And the public "has a right to know who is utilizing the federal courts that its tax dollars support." Coe v. Cty. of Cook, 162 F.3d 491, 498 (7th Cir. 1998). "The use of fictitious names" in federal litigation accordingly "is disfavored." Doe v. Blue Cross and Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997). Therefore, this Court "has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." Id. A party seeking to proceed anonymously must show, against the backdrop of "exceptional circumstances," that any harm done by disclosing his identity "exceeds the likely harm from concealment." Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004); see also Doe v. Elmbrook Sch. Dist., 658 F.3d 710, 721 (7th

Cir. 2011), aff'd en banc, 687 F.3d 840, 842-43 (7th Cir. 2013).

The decision whether to allow a party to proceed under an assumed name lies within the Court's discretion.  Doe v. City of Indianapolis, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (citing K.F.P. v. Dane Cty., 110 F.3d 516, 519 (7th Cir. 1997)).

The parties contend that rescinding Mr. Doe's pseudonymous status would be unwarranted.  They argued before that their settlement "constitutes new information which was not available" in November, when Mr. Doe first moved to litigate as "John Doe." Pl.'s Mot., d/e 31, at 6.  The parties further argued (1) that Mr. Doe "faces immense reputational damage and irreparable harm to his future legal career if this Court denies [him] pseudonym status"; (2) that Mr. Doe was prejudiced by his prior counsel's "improper legal advice" and decision to file certain exhibits without redaction; and (3) that Mr. Doe "likely would have discontinued his lawsuit once he was denied pseudonym status" but never was offered a chance to do so.  Id. at 7–8.

These considerations, while certainly cause for the parties' concern, do not overcome the strong presumption against pseudonymity.  Embarrassment is "not a compelling basis for a

waiver of the general rule that parties to federal litigation must litigate under their real names." <u>Coe</u>, 162 F.3d at 498.  The Court notes as well that Mr. Doe's identity as the plaintiff here has been a matter of public record for some time.  <u>See generally</u> <u>Doe v. Amar, et al.</u>, 2022 WL 17668184 (C.D. Ill. Dec. 5, 2022) (Westlaw slip copy); <u>Doe v. Amar, et al.</u>, 2022 U.S. Dist. LEXIS 226400 (C.D. Ill. Dec. 5, 2022) (Lexis slip copy).  So even if retroactive pseudonymity were warranted—and even if the Seventh Circuit had not rejected the very concept—the parties' request would be futile.  Professor Volokh's motion to depseudonymize is granted.

## B. Movant Volokh's Motion to Unseal is Granted in Part and Denied in Part.

The cat is out of the bag on Plaintiff's identity.  But whether to seal all or part of the record is a closer call.  The parties previously contended that there are "sufficient grounds to seal the entire record in this case."  Pl.'s Mot., d/e 31, at 4.  They argued that "this case has been litigated to the fullest extent in the public domain."  <u>Id.</u> at 5.  They also argued that "Plaintiff's privacy interests in this case"—implicated by "allegations of mental health, paranoia, and [threats to] school safety"—trumped "the

presumption that judicial records be open to the public."  Id.
"Given that Plaintiff disputes" the accusations of misconduct
underlying this case, the parties contended "there can be no public
interest" in unencumbered access to the record.  Id. at 6.

"The parties to a lawsuit are not the only people who have a
legitimate interest in the record compiled in a legal proceeding."
Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178
F.3d 943, 944 (7th Cir. 1999).  Accordingly, those records "that
affect the disposition of federal litigation are presumptively open to
public view."  In re Specht, 622 F.3d 697, 701 (7th Cir. 2010).  The
public's interest in judicial transparency "can be overridden,"
however, "if a party demonstrates good cause for sealing the record
or a part thereof."  United States v. Courtright, 2020 WL 774391,
at *2 (S.D. Ill. Feb. 18, 2020) (citing Citizens First Nat. Bank, 178
F.3d at 945).  "A court should permit the sealing of documents
only if there is good cause to do so, that is, the property and
privacy interests of the movant outweigh the interests of the public
in full transparency of the judiciary."  Melton v. Pavilion Behav.
Health Sys., 2020 WL 13679915, at *2 (C.D. Ill. June 30, 2020),
aff'd sub nom., Melton v. Pavilion Behav. Health Sys., 843 F. App'x

9 (7th Cir. 2021).   "[C]ompelling reasons of personal privacy," for instance, may justify a party's use of a pseudonym or restraints on the public's access to certain records.  <u>Goesel</u>, 738 F.3d at 833. And while the public has a presumptive right to view "the materials that formed the basis of the parties' dispute and the district court's resolution," other documents "that may have crept into the record are not subject" to the same presumption.  <u>Id.</u> (citing <u>Baxter Int'l, Inc., v. Abbott Labs.</u>, 297 F.3d 544, 548 (7th Cir. 2002).  But "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." <u>Kamakana v. City & Cty. of Honolulu</u>, 447 F.3d 1172, 1179 (9th Cir. 2006), <u>quoted with approval in</u> <u>Mitze v. Saul</u>, 968 F.3d 689, 692 (7th Cir. 2020).  Despite any agreement by the parties, "the decision of whether good cause exists to file a document under seal rests solely with the Court."  <u>Courtright</u>, 2020 WL 774391, at *2.

Upon further consideration, the parties have not shown good cause to seal the entire record.  Previously, the parties' "lead reason" was "the parties' agreement."  <u>But see</u> <u>Baxter Int'l, Inc. v. Abbott Lab'ys</u>, 297 F.3d 544, 546 (7th Cir. 2002).  "Allowing such an agreement to hold sway," however, "would be like saying that

any document deemed provisionally confidential to simplify discovery is confidential forever." Id.  Such a notion simply cannot be squared with the public-access right or the weight of diametrically opposed Circuit precedent.  The Clerk, therefore, will be directed to unseal the docket.

Even so, the Court declines to sustain Professor Volokh's motion to unseal in its entirety.  The Court is mindful of the negligible public interest in otherwise private educational and mental-health records.  See generally Family Educational Rights and Privacy Act of 1974, 20 U.S.C. §§ 1232g et seq.; cf. Blue Cross, 112 F.3d at 872 ("Should John Doe's psychiatric records contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal.").  The Court finds that certain filings fall under that umbrella and so should be filed with redactions or maintained under seal.

The parties previously asked the Court to allow them to refile eleven docket entries under seal: documents 1-3, 1-6, 1-7, 5-1, 7-1, 7-2, 7-3, 7-4, 7-6, 9-1, and 13.  Many of these documents are

referenced in the Court's prior orders and the parties' briefings, so the public's interest in reading them in detail is appreciably small. Others simply are "highly embarrassing to the average person yet somehow pertinent to this suit," Blue Cross, 112 F.3d at 872, and so are similarly suitable for filing with redactions. The Court finds that documents 1-3, 1-6, 1-7, 5-1, 7-1, 7-3, 7-4, and 9-1 satisfy that standard. Accordingly, the parties shall jointly file redacted versions of these documents as soon as practicable. The unredacted versions still on the docket will remain under seal.

As for the remaining documents—docket entries 7-2, 7-6, and 13—the Court concludes that neither Plaintiff's privacy interests nor the possibility of embarrassment outweighs the presumption of public access. Document 7-2 is a memorandum written by Plaintiff in which he advocates for bumping up an A- in his Constitutional Law course to an A or an A+. Document 7-6 is an email from Plaintiff to several Defendants informing them of this litigation. And document 13 is Plaintiff's first motion for reconsideration—a filing presumptively subject to public disclosure. Beyond the fact of Plaintiff's commendable performance in a rigorous course, none of these documents

contain proprietary or sensitive information.  Because "[a]ny doubt whether material should be sealed should be resolved in favor of disclosure," <u>Zimmer v. Scott</u>, 2010 WL 3004237, at *2 (N.D. Ill. July 28, 2010), the Court declines to seal these filings.

### IV. CONCLUSION

For these reasons, Movant Eugene Volokh's Motion to Intervene, to Unseal Record, and to Depseudonymize Case (d/e 34) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED THAT:**

1. The Clerk is DIRECTED to unseal the docket and to revise Plaintiff's name to "Keerut Singh."

2. The Clerk is further DIRECTED to seal documents 1-3, 1-6, 1-7, 5-1, 7-1, 7-3, 7-4, and 9-1.

3. The parties are DIRECTED to refile redacted versions of documents 1-3, 1-6, 1-7, 5-1, 7-1, 7-3, 7-4, and 9-1.  These documents must redact Plaintiff's personally identifiable information, <u>see</u> Fed. R. Civ. P. 5.2(a), and the names, telephone numbers, and other identifiable information of all non-parties.

4. The Court finds that Plaintiff's Notice of Dismissal (d/e 33) complies with Fed. R. Civ. P. 41(a)(1)(A)(i).  Accordingly, this action has been DISMISSED WITH PREJUDICE.  All pending deadlines and settings are VACATED.  Each party to bear its own costs.  No judgment to enter.  This case is CLOSED.

**IT IS SO ORDERED.**

**ENTERED:  JULY 17, 2023**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**