IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | | |
|---|---|---|
| KEITH SINGH, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-02252-SEM-EIL |
| | ) | |
| v. | ) | |
| | ) | |
| VIKRAM D. AMAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## (SECOND) MOTION TO UNSEAL DOCKET NUMBER 9-1, REVISE CASE CAPTION, ALTER OR AMEND JULY 17, 2023, ORDER UNDER RULE 59, AND RELIEVE PLAINTIFF UNDER RULE 60

On July 31, 2023, Plaintiff moved to reconsider this Court's Order from July 17, 2023, where the Court directed the parties to "redact Plaintiff's personally identifiable information, see Fed. R. Civ. P. 5.2(a), and the names, telephone numbers, and other identifiable information of all non-parties." Docket No. 39 at 16. The Court denied Plaintiff's motion for reconsideration on August 1, 2023. Plaintiff construes the Court's Order on July 17, 2023, as requiring Plaintiff to take affirmative actions and steps to redact and refile documents on behalf of non-parties. *See generally id.* For the reasons mentioned in Plaintiff's first motion for reconsideration (Docket No. 42), Plaintiff will not take any further actions in this case unless the Court specifies its requirements with another ruling.

Rule 59 provides that a party can move "to alter or amend a judgment" within "28 days [of] the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60 specifically provides for relief from an order where "the judgment is void" or where "the judgment has been satisfied, released, or discharged," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (5), and (6).

1

Here, the Court provided no basis or explanation why Plaintiff should be required to redact or refile documents on behalf of third parties. Moreover, the Court issued the Order *sua sponte* when none of the actual or intervening parties had asked the Court for that specific relief.[1] Plaintiff has informed the Court that redacted versions of Docket Nos. 1-3, 1-6, 1-7, and 5-1 already exist on the docket. *See* Docket No. 42 at 4–5. The only remaining exhibit in question is 9-1. And because that exhibit contains no information about Plaintiff, he has both "satisfied" and "discharged" his obligations under the Order. *See* Fed. R. Civ. P. 60(b)(5). If nothing else, Plaintiff is entitled to relief under (b)(6) because there is no basis to place any further requirements on Plaintiff. *See* Fed. R. Civ. P. 60(b)(6). Thus, the Court can either unseal Docket No. 9-1, or it can leave the exhibit sealed and discharge Plaintiff. Either way, Plaintiff should be freed from the case. In any case, the Court needs to specify whether it expects any further actions or filings by Plaintiff. Absent such requirements from the Court, Plaintiff will take no further actions in this case.

Finally, Plaintiff has repeatedly told the Court that he does not consent to the name on the docket, so he is moving again to change the docket to accurately reflect his name. The docket should be changed to "Keith Singh." The other name should be removed completely. The Court has no legal authority to place alternative names on the docket or Plaintiff's filings without his consent, as the Court never asked Plaintiff for his input on the name. These are all *ultra vires* acts.

---

[1] Volokh moved this Court to unseal the entire case file. Docket No. 34. Plaintiff asked the Court to keep his John Doe status and allow for redacted documents. Docket No. 37. Defendants took no position on the matter. Docket No. 35. No one asked the Court to remove Plaintiff's pseudonymity but seal certain documents and require the refiling of redacted versions of those same documents. The ruling also appears to be inconsistent with the First Amendment right of access that the Court granted to Volokh. It is unclear whether an appeal would even be allowed here, as there is presently no live Article III case or controversy. Plaintiff may have to seek relief via a writ of mandamus from the Seventh Circuit.

## CONCLUSION

The Court should discharge Plaintiff from any further requirements in this case. Alternatively, the Court should clarify its requirements in its ruling on the motion so Plaintiff can seek appropriate relief from the Seventh Circuit.

/s/ [signature]

## CERTIFICATE OF COMPLIANCE

This motion complies with Local R. 7.1, in that it contains less than 7,000 words. The motion was filed in compliance with Local R. 5.4(B)(1)(b).

/s/ ~~~

## CERTIFICATE OF SERVICE

All relevant parties have been served.

/s/ _____